619 P.2d 1041

**In the Matter of Randy WOLFE, Petitioner,**

v.

**MARICOPA COUNTY GENERAL HOSPITAL, PSYCHIATRIC ANNEX, Respondent.**

**No. H–807.**

Supreme Court of Arizona, In Banc.

Nov. 12, 1980.

Ross P. Lee, Maricopa County Public Defender by Edward C. Voss, Deputy Public Defender, Phoenix, for petitioner Wolfe.

Charles F. Hyder, Maricopa County Atty. by Charles C. Gatewood, Deputy County Atty., Phoenix, for respondent.

HOLOHAN, Vice Chief Justice.

The petitioner, Randy Wolfe, sought by a petition for Writ of Habeas Corpus to be released from the psychiatric unit of the Maricopa County Hospital. We accepted jurisdiction pursuant to Article VI, § 5 of the Constitution of Arizona and A.R.S. § 13–4123. After oral argument this court ordered petitioner released from the respondent hospital, adding that a written opinion would follow.

Petitioner was ordered committed to the Maricopa County Hospital on August 18, 1980, for court ordered treatment pursuant to A.R.S. § 36–541. The order of the superior court provided that hospitalization should not exceed 25 days.

Petitioner was hospitalized from the date of the order and remained hospitalized up to the date of the hearing in this case.

During his hospitalization the petitioner refused to follow the complete medical program of the Maricopa County Hospital, and he had refused to continue taking the prescribed psychotropic medications.

The medical authorities at the Maricopa County Hospital refused to release petitioner until he followed the full 25–day program of psychotropic medications. The argument was made that the court ordered the petitioner to undergo a treatment program for not to exceed 25 days, which means 25 days of actual treatment. The hospital authorities contend that any period when the petitioner refused treatment must be excluded from the computation of days in treatment. We reject the contentions of the respondent hospital.

The statute relied upon by the respondent hospital, A.R.S. § 36–541, provides for a period of treatment of at least 25 days before the patient is hospitalized in the state hospital. Nothing in the statute or elsewhere in the chapter on Mental Health Services, A.R.S. § 36–501 et seq., suggests that a patient may be confined beyond the court ordered period. On the contrary, the tenor of the statutes on the subject indicate that court ordered treatment is limited by specific statutory periods, and the patient must be released at the expiration of the period of treatment ordered unless a new petition is filed with the court prior to the patient's release date. See A.R.S. § 36–540 through 542.

The petitioner had been held in the respondent hospital far in excess of the period of court ordered treatment, and, as we read the statutes, he was entitled to be discharged from the respondent hospital. If any additional period of treatment is deemed necessary by the physicians, an application must be made to the superior court.

STRUCKMEYER, C. J., and HAYS, CAMERON and GORDON, JJ., concur.