722 P.2d 374

**In the Matter of Shane KING re: Mental Health Services.**

**Shane KING, Appellant,**

v.

**STATE of Arizona, Appellee.**

**No. 1 CA–CIV 8571.**

Court of Appeals of Arizona, Division 1, Department A.

April 10, 1986.

Review Denied July 15, 1986.

Law Offices of Charles L. Arnold, P.C. by Charles L. Arnold, Phoenix, for appellant.

Robert K. Corbin, Atty. Gen., by Jodi Weisberg, Asst. Atty. Gen., Phoenix, for appellee.

## OPINION

KLEINSCHMIDT, Judge.

■ The question presented is whether periods of unauthorized absence from a mental health treatment facility can properly be excluded from the period of inpatient treatment imposed under A.R.S. § 36–540(E)(2), the statute providing for inpatient treatment for a person found to be a danger to others. We hold that such periods are excludable, and affirm the order below.

On November 29, 1984, the superior court found that appellant suffered from a mental disorder that made him a danger to others. The court committed the appellant to the state hospital until he was no longer a danger to himself or others, but for a period not to exceed 180 days unless the appellant was recommitted on a new petition filed before his release date as provided for in A.R.S. § 36–542.

On February 23, 1985, the appellant escaped from the state hospital after being confined for only 86 days. He was returned to the hospital on June 12, and on June 28 the superior court filed an order that the period of appellant's unauthorized absence from the hospital be excluded from the 180–day commitment ordered the previous November, thus leaving appellant with 94 days of confinement remaining on the original commitment order. It is this order which gives rise to the appeal.

■ First, we reject the state's argument that this appeal should be dismissed as moot because the order committing the appellant has expired. We will decide an issue of law despite its mootness in a particular case if the issue is of great public importance or the question involved is a continuing one that is capable of eluding review. *State v. Superior Court of Pima County*, 104 Ariz. 440, 441, 454 P.2d 982, 983 (1969); *ASH, Inc. v. Mesa Unified School District No. 4*, 138 Ariz. 190, 191, 673 P.2d 934, 935, (App.1983). *See also Southern Pacific Terminal Co. v. Interstate Commerce Comm'n*, 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310, 316 (1911). Since commitment orders are usually for relatively short periods and escapes from mental treatment facilities are not uncommon, this issue is likely to recur and is capable of eluding review. We will therefore decide the case on its merits.

With respect to the merits we stress at the outset that we do not rely on any analogy between this situation and the situation in which the running of a convicted criminal's sentence is tolled during periods of escape from prison. The commitment statute we deal with here is not punitive; its purpose is the protection of the mentally disturbed person and persons endangered by him. Such a purpose must be balanced against the individual's right to be free from unnecessary restraint. We are thus required to decide if excluding periods of escape from a commitment period furthers the public policy behind the commitment statutes without subjecting a committed person to unnecessary confinement.

Before a person can be committed, the person or entity seeking to commit him must show by clear and convincing evidence that he is a danger to himself or others. A.R.S. § 36–540. Once a commitment order expires, a patient is not subject to additional involuntary confinement un-

208

less a new petition is filed. A.R.S. § 36–542(A)(2). If a new petition is filed, it must be proven by clear and convincing evidence that the patient is still a danger to himself or others. Such a determination would be difficult if the medical authorities were unable to observe the patient for a sufficient period of time because he had escaped. The exclusion of periods of unauthorized absence from the running of the commitment order furthers the purpose of the statutory scheme by allowing the authorities an adequate opportunity to observe the patient.

Appellant contends that excluding periods of escape from the running of a commitment order might have the effect of keeping a commitment order open indefinitely during a period of escape, the mental condition of the patient notwithstanding. It would thus be possible, the argument follows, that a person who is no longer a danger to himself or others could be returned to confinement merely for the sake of vindicating the original commitment order. While such a result would violate the individual's rights, the statutory scheme undercuts the argument.

If a patient who has been returned to a treatment facility after an escape claims that he should no longer be subject to restraint, he may request a hearing under A.R.S. § 36–546, which allows a committed person to petition the superior court for early release after 60 days of confinement and after each subsequent 60–day period. Any patient who is returned to confinement after his escape and whose mental condition may have improved while he was away from the institution thus has a means of seeking early release if he can prove that continued confinement is no longer necessary. These procedures tend to prevent unnecessary confinement.

The appellant claims that this case is similar to *Wolfe v. Maricopa County General Hospital*, 127 Ariz. 264, 619 P.2d 1041 (1980), in which the patient was committed to the county hospital for 25 days of psychiatric treatment and observation. During those 25 days, the patient refused to accept treatment and refused prescribed medication. The hospital did not release the patient after 25 days, claiming that any period during which the patient refused treatment must be excluded from the computation of the period of confinement. The supreme court rejected the hospital's argument, holding that the commitment statutes forbid confinement beyond the period ordered by the court unless a new order is entered. *Wolfe*, 127 Ariz. at 265, 619 P.2d at 1042. What distinguishes this case from *Wolfe* is that in *Wolfe* the patient was actually confined for the maximum period allowed by the commitment order. Here the appellant was at large, and therefore not confined, during the period sought to be excluded from the commitment period.

In conclusion, excluding periods of escape from the running of a commitment order preserves the commitment statutes and their purpose without unduly interfering with the patient's liberty interests. Consequently, the superior court correctly excluded appellant's unauthorized absence from the hospital from the running of his commitment period.

Order affirmed.

GREER and MEYERSON, JJ., concur.