142 P.3d 1255

**In re MH 2005–001290.**

**No. 1 CA–MH 05–0022.**

Court of Appeals of Arizona,
Division 1, Department C.

Sept. 14, 2006.

James J. Haas, Maricopa County Public Defender, Phoenix, By Tennie B. Martin, Deputy Public Defender, Attorneys for Appellant.

Andrew P. Thomas, Maricopa County Attorney, Phoenix, By Rebecca C. Salisbury, Deputy County Attorney, Attorneys for Appellee.

## OPINION

PORTLEY, Judge.

¶ 1 In this appeal we are asked to determine whether the trial court violated Appellant's right to due process by ordering that two of his family members be given notice prior to his release from a mental health treatment facility. We find no error and affirm the trial court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

¶ 2 A petition for involuntary court-ordered mental health evaluation was filed on August 16, 2005. It alleged that Appellant threatened to kill himself and his sister, Renee R.; threatened to harm his older daughter, Michelle W.; and told his thirteen-year-old daughter that as soon as he got her back they would "disappear." Three days later a petition for court-ordered treatment was filed and alleged that Appellant is persistently or acutely disabled as a result of a mental disorder.

¶ 3 Following the hearing, the court found by clear and convincing evidence that Appellant is persistently or acutely disabled as a result of a mental disorder and ordered the treatment.

¶ 4 Three days later Renee R. and Michelle W. filed forms entitled "Petition for Notice (Pursuant to A.R.S. § 36–541.01)"[1] requesting that they be given notice prior to Appellant's release from inpatient treatment. The trial court held that, although the requests for mandatory notice were not statutorily supported,[2] it is within the court's discretion to order notice to interested parties, and it granted the requests for notice.

## DISCUSSION

¶ 5 We review the trial court's interpretation of statutes de novo, *see Langmade v. Ariz. Dep't of Transp.*, 179 Ariz. 309, 311, 878 P.2d 667, 669 (App.1994), and the exercise of judicial discretion for an abuse of that discretion, *see State v. Moody*, 208 Ariz. 424, 445, ¶ 62, 94 P.3d 1119, 1140 (2004).

¶ 6 Appellee argues that the issue is moot because Appellant was released from involuntary treatment during September 2005. Appellee omits, however, that the trial court had jurisdiction over Appellant through August 2006. Consequently, the issue was not moot at the time the appeal was filed.

¶ 7 Even if, however, the issue became moot during the appellate process, Appellant argues we should address it. "Generally, a court will not consider moot questions." *Slade v. Schneider*, 212 Ariz. 176, 179, ¶ 15, 129 P.3d 465, 468 (App.2006). We can, however, consider such questions if the issues are of great public importance or are capable of repetition yet evading review. *In re Alleged Mentally Disordered Person*, 181 Ariz. 290, 292, 889 P.2d 1088, 1090 (1995).

---

1. The forms complied with Arizona Revised Statutes ("A.R.S.") section 36–541.01(D) which requires that a demand for notice "be on a form prescribed by the department" of health services. *See* A.R.S. § 36–541.01(D) (2003).

2. The statute under which Renee R. and Michelle W. had petitioned for notice, A.R.S. § 36–541.01(B), states that:
   [p]rior to the release or discharge of a patient ordered to undergo treatment *as a danger to* others .... Notice shall be given to ... any relative or victim of the patient who has filed a demand for notice with the treatment agency and any person found by the court to have a legitimate reason for receiving such notice. A.R.S. § 36–541.01(B) (emphasis added).
   In this case, Appellant was ordered to undergo treatment because he is persistently or acutely disabled, not because he is a danger to others, therefore subsection (B) is not applicable.

¶ 8 Here, assuming arguendo that the matter becomes moot during the appellate process, the question of whether the trial judge had discretion to authorize notice before a patient is released from involuntary mental health commitment is an issue of statewide importance and is capable of repetition. It is, as Appellee recognizes, one that evades review because of the statutory time limits on commitment orders and the time inherent in the appellate process. Consequently, we will exercise our discretion and examine the issue.

¶ 9 Appellant argues that the trial court erred by granting the orders for notice even though he was not found to be a danger to others and that the requests did not meet the statutory requirements for such demands under A.R.S. § 36–541.01(D) (2003).[3] We need not address the applicability of A.R.S. § 36–541.01(B) and (D) because the trial court did not base its ruling on these statutory provisions.

¶ 10 Instead, the trial court relied on A.R.S. § 36–509(A)(3). The statute gives the trial court discretion to order notice. It provides that "[health care] [r]ecords and information contained in [health care] records may only be disclosed to: . . . [p]ersons authorized by a court order."[4] A.R.S. § 36–509(A)(3) (Supp.2005).

¶ 11 Appellant also argues that A.R.S. § 36–509(A)(3) must be viewed "in light of the requirements of A.R.S. § 36–541.01" to avoid rendering § 36–541.01 purposeless. He argues that anyone could ask the court for release of patient records and the records could be released without meeting "the requirements of A.R.S. § 36–541.01 that serve to protect an involuntarily treated patient." We disagree.

¶ 12 The two statutes, A.R.S. § 36–509 and § 36–541.01 are distinct and serve separate purposes. Section 36–541.01(B) obligates the medical director to give notice of the impending release of a person judicially found to be a danger to others to the court, "any relative or victim . . . who has filed a demand for notice," and "any person found by the court to have a legitimate reason for receiving such notice." Section 36–509(A)(3), on the other hand, allows the court discretion to order the release of confidential "[r]ecords and information," such as the impending release of a person with a mental disorder who was not judicially determined to be a danger to others, when the relative or victims are concerned about the release. *Compare* A.R.S. § 36–541.01(B), *with* § 36–509(A)(3).

¶ 13 Section 36–509(A)(3) does not set standards for when the court can release the confidential information, define who can receive the information, or describe the process for requesting the information. The statute implicitly leaves that to the discretion of the trial court.

¶ 14 Here, the trial court's decision to order notice to the two family members who were threatened with bodily harm or death was supported by substantial evidence. Renee R. testified that, during a series of phone calls over a seventy-two-hour period, Appellant, her brother, threatened to beat her to

---

**3.** "A demand for notice by a relative or victim" must include
1. The full name of the person to receive notice.
2. The address to which notice is to be mailed.
3. The telephone number of the person to receive notice.
4. The relationship to the patient, if any, or the reasons why the person believes he has a legitimate reason to receive notice.
5. A statement that the person will advise the treatment agency in writing by certified mail, return receipt requested, of any change in the address to which notice is to be mailed.
6. The full name of the patient ordered to undergo treatment as a danger to others.

7. The mental health number assigned to the case by the superior court.
A.R.S. § 36–541.01(D).

**4.** We note that the trial court cited "A.R.S. § 36–509(4)(8)" in its minute entry granting the order for notice. It appears the trial court was referring to A.R.S. § 36–509(A)(4), (8) (2003). Subsection (A)(4) allowed the release of information to "[p]ersons authorized by court order" while subsection (A)(8) applied to "[f]amily members actively participating in the patient's care, treatment or supervision." *Id.* As a result of an amendment, those provisions have been renumbered as (A)(3) and (A)(7), respectively. *See* A.R.S. § 36–509(A)(3), (7) (Supp.2005).

death with a baseball bat, said he would "put [her] six feet under," threatened to commit suicide, and said he was going to get his thirteen-year-old daughter back and they were going to disappear. Michelle W. testified that Appellant, her father, had left her voice mail messages approximately every five minutes over the same seventy-two-hour period threatening her; stating that "there [were] ways of dealing with people like [her], and he would show [her] each and every single way"; and stating that "he was going to take care of [her] like he did [her] idiot mother."

¶ 15 Although Appellant was not ordered into involuntary treatment because he was "a danger to others," thereby mandating notice to relatives, the trial court believed notice to be reasonable given the nature of the testimony, Appellant's acts, and the credibility of the witnesses. Under the circumstances, we find that the trial court did not abuse its discretion by authorizing those two family members to receive notice of Appellant's release date.

## CONCLUSION

¶ 16 Because we find a statutory basis for the trial court's orders and no abuse of discretion, we affirm.

CONCURRING: PATRICIA K. NORRIS, Presiding Judge and G. MURRAY SNOW, Judge.