170 P.3d 280

**In re MH 2006–002044.**

**No. 1 CA–MH 06–0034.**

Court of Appeals of Arizona,
Division 1, Department A.

Nov. 6, 2007.

**32**

Andrew P. Thomas, Maricopa County Attorney By Anne C. Longo, Deputy County Attorney, Phoenix, Attorneys for Appellee.

James Haas, Maricopa County Public Defender By Tennie B. Martin, Phoenix, Deputy Public Defender, Attorneys for Appellant.

## OPINION

HALL, Judge.

¶ 1 Appellant asks us to vacate the superior court's order that he undergo treatment for a mental disorder. For the following reasons, we affirm the order.

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 On October 18, 2006 at 8:15 p.m., Appellant was detained at Value Options Urgent Care Center based on an Application for Emergency Admission for Evaluation completed by his sister. Initial assessments were done that night, and a full psychiatric evaluation was done the next morning. Twenty-four hours after she completed the first Application for Emergency Admission, Appellant's sister completed a second one, giving essentially the same reasons for believing her brother had a mental disorder and posed a danger to himself and others.

¶ 3 At 3:10 p.m. on October 20, 2006, a Petition for Court–Ordered Evaluation was filed. Four days later, Appellant filed a Motion to Dismiss Petition for Court–Ordered Evaluation, which the court denied on October 26, 2006. In the interim, a Petition for Court–Ordered Treatment was filed, and at a November 1, 2006 hearing, the court ordered a combination of inpatient and outpatient treatment that was not to exceed one year. Appellant timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) sections 12–120.21(A)(1),–2101(K)(1) (2003), and 36–546.01 (2003).

## ISSUE ON APPEAL

¶ 4 The issue on appeal is whether A.R.S. § 36–527(A) (2003) requires the trial court to dismiss a Petition for Court–Ordered Evaluation that is not filed within twenty-four hours of taking a person into custody. Appellant argues we should vacate the court's involuntary treatment and commitment order both because the statute was violated and because his due process rights were violated.

## ANALYSIS

### The Statute

¶ 5 According to A.R.S. § 36–527(A), "[a] person taken into custody for emergency admission may not be detained longer than twenty-four hours ... unless a petition for court-ordered evaluation is filed." The trial court denied the motion to dismiss the petition "notwithstanding the fact that it's the result of an extra day being detained." Although § 36–527(A) provides that a person may not be detained longer than twenty-four hours unless a Petition for Court–Ordered Evaluation is filed, it does not specify what the legal consequences are if someone is detained longer. We review such questions of statutory interpretation de novo. *In re Maricopa County Superior Court No. MH 2001–001139*, 203 Ariz. 351, 353, ¶ 8, 54 P.3d 380, 382 (App.2002).

¶ 6 The statute is framed to say that a person may not be detained more than twenty-four hours if a petition is not filed. It is not framed to say that a petition may not be filed if a person has been detained for

more than twenty-four hours. This suggests that although it is clearly illegal to detain a person for more than twenty-four hours without filing a petition, it is not clearly illegal to file a petition more than twenty-four hours after the individual is detained. It is the prolonged detention that violates the statute, not the filing of the petition. Therefore, we find that what the statute guarantees is a right to be released after twenty-four hours rather than a right to have an untimely petition dismissed.

### Due Process

 ¶ 7 Appellant also argues that we should vacate the trial court's order because his due process rights were violated. This is also a question of law, which we review de novo. *Mack v. Cruikshank,* 196 Ariz. 541, 544, ¶ 6, 2 P.3d 100, 103 (App.1999). In order to vacate the trial court's order on this basis, however, Appellant would have to demonstrate that the violation of his right to be released after twenty-four hours affected the subsequent review of the Petitions for Court–Ordered Evaluation and Court–Ordered Treatment. But, in fact, Appellant has not alleged that he did not receive a fair hearing because of his illegal detention.

¶ 8 In *State v. Maldonado,* the defendant asked our supreme court to reverse his conviction for burglary on the ground that seventy-nine days had elapsed between his arrest and his preliminary hearing. 92 Ariz. 70, 72–73, 373 P.2d 583, 584 (1962). Pursuant to A.R.S. § 13–3898 (2001), then A.R.S. § 13–1418, the defendant, arrested without a warrant, was supposed to have been brought before a magistrate "without unnecessary delay." According to the court, "[t]hat a flagrant violation of this statute has occurred in this instance is not open to argument. Indeed the State candidly admits that defendant was unlawfully incarcerated and also admits that had he desired to seek relief by way of habeas corpus a writ would have issued." *Id.* at 73, 373 P.2d at 584–85.

¶ 9 The court held, however, that "unless the preliminary delay in some way deprives an accused of a fair trial there is no denial of due process of law." *Id.* at 76, 373 P.2d at 587; *see also State v. Godfrey,* 136 Ariz. 471, 473, 666 P.2d 1080, 1082 (App.1983) (holding that defendant incarcerated for eighteen days prior to his initial appearance in violation of Arizona Rule of Criminal Procedure 4.1 was not entitled to dismissal of action against him). We hold that the same principle applies here.

### CONCLUSION

¶ 10 Because Appellant has not demonstrated any prejudice resulting from his illegal detention, we affirm the trial court's order for treatment.

CONCURRING: G. MURRAY SNOW and MAURICE PORTLEY, Judges.