221 P.3d 1054

**In re MH 2008–002393.**

**No. 1 CA–MH 08–0071.**

Court of Appeals of Arizona,
Division 1, Department B.

Dec. 17, 2009.

Andrew P. Thomas, Maricopa County Attorney By Anne C. Longo, Deputy County Attorney, Bruce P. White, Deputy County Attorney, Phoenix, Attorneys for Appellee.

James J. Haas, Maricopa County Public Defender By Tennie B. Martin, Deputy Public Defender, Phoenix, Attorneys for Appellant.

## OPINION

DOWNIE, Judge.

¶ 1 Appellant seeks reversal of the superior court's order for involuntary mental health treatment. For the following reasons, we affirm and hold that the remedy for a patient held for evaluation in excess of statutory timeframes is to seek release during the period of illegal detention, not dismissal of a subsequently filed involuntary treatment proceeding that complies with legal requirements.

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 We view the facts in the light most favorable to affirming the superior court's judgment.[1] *In re MH 2008–001188,* 221 Ariz. 177, 179, ¶ 14, 211 P.3d 1161, 1163 (App.2009). On September 28, 2008, appellant was admitted to a hospital emergency room after hitting his head with a brick and trying to break his right arm. Over the next few days, appellant repeatedly stated he wanted to die and told staff at his assisted living facility, "I am going to kill myself and you can't stop me." Appellant had to be restrained for safety reasons, and he refused inpatient care.

¶ 3 Applications for Emergency Admission for Evaluation and Involuntary Evaluation ("AEAE/AIE # 1") were filed October 1, documenting appellant's self-destructive behaviors and his wish to die. On October 2, appellant was detained at a psychiatric facility, and a Petition for Court–Ordered Evaluation ("PCOE # 1") was filed the next day. On October 6, the superior court entered a Detention Order for Evaluation ("DO # 1"). Because no room was available at Desert Vista, where evaluations are typically conducted, appellant was not evaluated within

---

1. We take judicial notice of the facts occurring between September 28 and October 8, 2008, which are included in previous superior court filings relating to appellant (MH 2008–002327 and MH 2008–002364) and are relevant to the claim that appellant's prolonged detention required dismissal of the petition at issue in this appeal. *See In re Sabino R.,* 198 Ariz. 424, 425, ¶ 4, 10 P.3d 1211, 1212 (App.2000) (citing *State v. McGuire,* 124 Ariz. 64, 65, 601 P.2d 1348, 1349 (App.1978)).

seventy-two hours, and he was not released from the psychiatric facility.

¶4 On October 7, 2008, new Applications for Emergency Admission for Evaluation and Involuntary Evaluation ("AEAE/AIE #2") were filed, stating appellant had been threatening others and "choking himself, hitting his head with his fist and hitting his head on his headboard on his bed and stating he wanted to kill himself." A second Petition for Court–Ordered Evaluation ("PCOE #2") was filed. On October 8, 2008, the superior court entered a new Detention Order for Evaluation ("DO #2"). Once again, appellant was not evaluated within seventy-two hours because Desert Vista could not accommodate him, and he was not released.

¶5 Applications for Emergency Admission for Evaluation and Involuntary Evaluation ("AEAE/AIE #3") were again filed on October 9, 2008, documenting appellant's previous behaviors and an ongoing wish to die. On October 10, 2008, a third Petition for Court–Ordered Evaluation ("PCOE #3") was filed, which, in addition to the allegations from the previous two petitions, stated appellant appeared "extremely anxious." A Detention Order for Evaluation ("DO #3") was issued October 14.

¶6 Appellant requested a detention hearing and filed a motion to dismiss PCOE #3, alleging he had been detained "beyond ... the seventy-two hours mandated by law," in violation of his due process rights. The superior court denied the motion. It also ordered appellant's continued detention pending an involuntary evaluation, finding reasonable cause to believe he was a danger to self and persistently or acutely disabled.

¶7 On October 16, 2008, a Petition for Court–Ordered Treatment ("PCOT") was filed, alleging appellant was a danger to self and persistently or acutely disabled. Appellant was reportedly "quite depressed ... os-

cillating from depression and tearfulness to ... anger and threats of aggression." He continued to express a desire to die and "spoke of ... wanting to kill himself and demonstrated ways he would do so, such as strangling himself or lying on a railroad track." Inpatient treatment was recommended, but appellant was "both unwilling and unable to give informed consent for such treatment." A Detention Order for Treatment and Notice was signed October 16 and served on appellant the next day.

¶8 On October 20, 2008, an amended PCOT was filed, adding an allegation that appellant was gravely disabled. A hearing was held October 23, 2008. Because appellant had not received timely notice of the amendment, the hearing proceeded only on the allegations that he was a danger to self and persistently or acutely disabled. The trial court found by clear and convincing evidence that appellant, as a result of a mental disorder, was a danger to self and persistently or acutely disabled. Appellant was ordered to undergo a combination of inpatient and outpatient treatment for a period not to exceed 365 days.

■ ¶9 Appellant timely appealed the October 23, 2008 treatment order.[2] We have jurisdiction pursuant to Arizona Revised Statute ("A.R.S.") sections 12–2101(K)(1) (2003) and 36–546.01 (2009).[3]

## DISCUSSION

¶10 Appellant asserts he was illegally detained "for over 12 days" and asks that we vacate the October 23, 2008 treatment order because: (1) his due process rights were violated; (2) A.R.S. §§ 36–530 (2009) and – 531 (2009) are unconstitutionally vague; and (3) his detention was an abuse of process.

2. The treatment order expired October 22, 2009. As such, this appeal is moot. However, appellate courts may consider cases that have become moot when significant questions of public importance are presented or are capable of repetition but evade review. *In re MH 2005–001290*, 213 Ariz. 442, 443, ¶7, 142 P.3d 1255, 1256 (App. 2006) (citation omitted). Appellant asserts the repetitive filing of involuntary commitment applications is a recurring pattern. Because appellant

has a history of mental illness, this issue may affect him in the future, as well as other similarly situated patients. We therefore consider the merits of this appeal.

3. We cite to the current versions of Title 36 statutes because no revisions material to this decision have since occurred.

¶ 11 Because civil commitment constitutes a serious deprivation of liberty, a patient is entitled to due process protections in such proceedings. *In re MH 2007–001275*, 219 Ariz. 216, 219, ¶ 13, 196 P.3d 819, 822 (App.2008) (citations omitted). For this same reason, statutory requirements must be strictly met. *In re MH 2001–001139*, 203 Ariz. 351, 353, ¶ 8, 54 P.3d 380, 382 (App. 2002) (citation omitted). We review questions of statutory interpretation *de novo. Id.* (citing *Koller v. Ariz. Dep't. of Transp., Motor Vehicle Div.*, 195 Ariz. 343, 345, ¶ 8, 988 P.2d 128, 130 (App.1999)). We will not, however, set aside an order for involuntary treatment unless it is "clearly erroneous or unsupported by any credible evidence." *In re MH 94–00592*, 182 Ariz. 440, 443, 897 P.2d 742, 745 (App.1995) (citation omitted).

¶ 12 According to A.R.S. § 36–531(D), a person detained involuntarily for inpatient evaluation "shall be released within seventy-two hours, excluding weekends and holidays, from the time that he is hospitalized pursuant to a court order for evaluation," unless the individual consents to voluntary treatment or a petition for court ordered treatment is filed. The parties agree appellant was held in excess of seventy-two hours, though they disagree about the exact duration. It is not necessary for us to resolve that dispute to decide the narrow issue presented. Although we do not condone holding individuals in excess of statutory time frames, the appropriate remedy when that occurs is to seek release of the patient during the period of improper detention, not to request dismissal of a later-filed petition that complies with statutory requirements.

¶ 13 *In re MH 2006–002044*, 217 Ariz. 31, 170 P.3d 280 (App.2007), addressed an analogous statute. Section 36–527(A) prohibits detaining an individual longer than twenty-four hours for an emergency admission unless a Petition for Court–Ordered Evaluation ("PCOE") is filed. *Id.* at 32–33, ¶ 6, 170 P.3d at 282. In *MH 2006–002044*, the patient was detained pursuant to an Application for Emergency Admission for Evaluation, but the PCOE was not filed until two days later, after a second application was made. *Id.* at 32, ¶¶ 2–3, 170 P.3d at 281. This Court determined it was the "prolonged detention that violates the statute, not the filing of the [second] petition." *Id.* at 33, ¶ 6, 170 P.3d at 282.

¶ 14 As in *MH 2006–002044*, appellant could have sought release through a writ of habeas corpus.[4] *See* A.R.S. § 36–546(A) (providing habeas corpus relief for person receiving court-ordered treatment and also allowing the patient or his representative to obtain release by making a written request to "any member of the treatment staff"); *Wolfe v. Maricopa County Gen. Hosp., Psychiatric Annex*, 127 Ariz. 264, 265, 619 P.2d 1041, 1042 (1980) (demonstrating a writ of habeas corpus can be used for a patient confined beyond the court ordered period). The appropriate time for appellant to have sought release was during the detention stemming from the first two proceedings, not in response to AEAE/AIE # 3 by requesting a detention hearing. A detention hearing has a unique purpose—to determine whether reasonable cause exists to believe a patient is a danger to self or others or persistently or acutely disabled due to a mental disorder, and whether the patient should be involuntarily hospitalized for evaluation. A.R.S. § 36–529(B), (D) (2009).

¶ 15 If, as here, a new PCOE and PCOT are filed, the ensuing treatment order should not be dismissed unless the patient demonstrates he did not receive a fair hearing because of his illegal detention. *See MH 2006–002044*, 217 Ariz. at 33, ¶ 7, 170 P.3d at 282. Appellant made no such showing here and did not advance such an argument on appeal or during the October 23 hearing that led to the contested order. Issues not raised and argued in a party's appellate brief are waived. *Schabel v. Deer Valley Unified School Dist. No. 97*, 186 Ariz. 161, 167, 920 P.2d 41, 47 (App.1996) (citing *Carrillo v. State*, 169 Ariz. 126, 132, 817 P.2d 493, 499 (App.1991)).

4. At the latest, appellant was represented by counsel as of October 6, 2008, when DO # 1 was entered. A patient's attorney is required to interview the patient within 24 hours of appointment. A.R.S. § 36–537(B) (2009) (outlining the attorney's "minimal duties").

¶ 16 Appellant has never objected to the proceedings that occurred after the third filing or the findings made by the court justifying the October 23 treatment order. Indeed, it appears all applicable statutes were followed, and appellant's detention was proper in connection with AEAE/AIE # 3.

¶ 17 Lastly, appellant asserts the relevant statutes are unconstitutionally vague and that he is a victim of abuse of process. He did not, however, make these arguments in the trial court, and we decline to address them for the first time on appeal. *See Englert v. Carondelet Health Network*, 199 Ariz. 21, 26, ¶ 13, 13 P.3d 763, 768 (App.2000) ("[W]e generally do not consider issues, even constitutional issues, raised for the first time on appeal.") (citation omitted).

## CONCLUSION

¶ 18 For the foregoing reasons, we affirm the involuntary commitment order.

CONCURRING: PATRICIA K. NORRIS, Presiding Judge and SHELDON W. WEISBERG, Judge.