IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

|  |  |  |
|---|---|---|
| IN RE PINAL COUNTY MENTAL HEALTH NO. MH-201000076 | ) ) ) ) ) ) ) ) | 2 CA-MH 2010-0004 DEPARTMENT A  O P I N I O N |

APPEAL FROM THE SUPERIOR COURT OF PINAL COUNTY

Honorable Janna L. Vanderpool, Judge

VACATED

James P. Walsh, Pinal County Attorney
  By Craig Cameron
Florence
Attorneys for Appellee

Mary Wisdom, Pinal County Public Defender
  By Lisa M. Surhio
Florence
Attorneys for Appellant

H O W A R D, Chief Judge.

¶1        Following a hearing on a petition for court-ordered treatment, the trial court found that appellant was "persistently or acutely disabled," "in need of psychiatric treatment, and . . . unwilling or unable to accept voluntary treatment." The court ordered a maximum of 365 days of treatment, with a maximum of 180 days of inpatient

treatment. On appeal, appellant argues the court erred by not complying strictly with the civil commitment statutes. We agree and vacate the treatment order.

## Factual and Procedural Background

¶2         The relevant facts are undisputed. In June 2010, appellant's wife filed an application for involuntary evaluation pursuant to A.R.S. § 36-520, and a crisis worker filed a petition for court-ordered evaluation pursuant to A.R.S. § 36-523. The trial court ordered that appellant be evaluated and, a few days later, Dr. Michael Vines filed a petition for court-ordered treatment pursuant to A.R.S. § 36-533. Vines and Dr. Vincent Krasevic each evaluated appellant in separate thirty-minute interviews and filed affidavits in support of the petition. Vines conducted the evaluation while in the same room with appellant. In his testimony at the hearing, Vines did not testify about a physical examination of appellant, but he did make minimal, general observations regarding appellant's physical condition in his affidavit. Krasevic conducted his interview and evaluation remotely, through a telemedicine system that uses video conferencing technology. He also made general comments at the hearing regarding appellant's physical condition. Appellant argued the state had not "met its burden" because it failed to comply with the mental health statutes, which require an evaluating psychiatrist to conduct a complete, physical examination in person. The court found the state had sustained its burden and that the examinations complied with the statutes. Finding appellant persistently or acutely disabled and in need of psychiatric treatment, the court

ordered that he receive treatment for a period not to exceed 365 days, no more than 180 days of which was to be in-patient treatment. This appeal followed.

## Discussion

**¶3** Appellant contends his evaluations did not comply with the requirements of A.R.S. §§ 36-533(B), 36-539(B), and 36-501(14). "We review questions of statutory interpretation *de novo*." *In re MH 2008-002393*, 223 Ariz. 240, ¶ 11, 221 P.3d 1054, 1057 (App. 2009).

**¶4** In *In re Pinal County Mental Health No. MH-201000029*, 592 Ariz. Adv. Rep. 24, ¶ 7 (Ct. App. Oct. 6, 2010), this court determined "[t]ogether, §§ 36-533(B) and 36-501(14) require that two physicians must each personally conduct a 'complete physical examination' of the patient." We concluded there that when one of the psychiatrists had conducted an examination remotely by a video conferencing system, even though "he relied on a written report of [the patient's] vital signs previously taken by a nurse practitioner, he did not conduct a complete physical examination himself." *Id.* ¶ 21.

**¶5** Accordingly, Krasevic did not personally conduct a "complete physical examination." Therefore, that examination did not satisfy the requirements of the statute. When the statutory requirements are not complied with strictly, we are required to vacate the order. *See In re Burchett*, 23 Ariz. App. 11, 13, 530 P.2d 368, 370 (1975); *see also In re Coconino County Mental Health No. 1425*, 181 Ariz. 290, 293, 889 P.2d 1088, 1091 (1995).

3

¶6 The state contends, however, that the strict application of the mental health statutes violates the separation of powers doctrine, because the statutes conflict with Rules 702 and 703, Ariz. R. Evid. The state argues that the statutes limit a trial court's discretion in determining relevance and admissibility of evidence by defining how a psychiatrist must conduct an examination.[1]

¶7 "Determining whether a statute unduly infringes on [the court's] rulemaking power requires analysis of the particular rule and statute said to be in conflict." *Seisinger v. Siebel*, 220 Ariz. 85, ¶ 10, 203 P.3d 483, 487 (2009). We first must decide whether the rule and the statute can be harmonized. *Id.* ¶ 24. And "it is our duty to save a statute, if possible, by construing it so that it does not violate the constitution." *Readenour v. Marion Power Shovel*, 149 Ariz. 442, 445, 719 P.2d 1058, 1061 (1986). If the statute and rule cannot be harmonized, "we must then determine whether the challenged statutory provision is substantive or procedural." *Seisinger*, 220 Ariz. 85, ¶ 24, 203 P.3d at 489. Substantive law "creates, defines and regulates rights." *Id.* ¶ 29, *quoting State v. Birmingham*, 96 Ariz. 109, 110, 392 P.2d 775, 776 (1964). Our supreme court noted in *Seisinger* that the legislature "'is empowered to set burdens of

---

[1]Appellant properly argues that, under A.R.S. § 12-1841(A), a party contesting the constitutionality of a statute must serve the attorney general, the speaker of the house of representatives and the president of the senate. *See DeVries v. State*, 219 Ariz. 314, ¶ 1, 198 P.3d 580, 582 (App. 2008). However, because we do not find the statutes unconstitutional, we conclude no harm resulted from the lack of notice. *Cf.* A.R.S. § 12-1841(C) (if notice not served and statute held unconstitutional, court shall vacate and give attorney general, speaker of house of representatives or president of senate opportunity to be heard).

proof as matters of substantive law.'" *Id.* ¶ 30, *quoting Valerie M. v. Ariz. Dep't of Econ. Sec.*, 219 Ariz. 331, ¶ 21, 198 P.3d 1203, 1208 (2009).

**¶8**　　　　The court in *Seisinger* determined that the statute defining the requirements for expert testimony in medical malpractice cases and the rules on expert witnesses conflicted because the statute prohibited an expert witness, qualified under the rule, from testifying. *Id.* ¶¶ 17-19. Because the common law and statutory elements of medical malpractice normally required expert physician testimony, the court determined that the requirement for such testimony was substantive law. *See id.* ¶ 39. Thus, the court concluded a statute specifying "the kind of expert [doctor] testimony necessary to establish medical malpractice . . . [was] substantive in nature and d[id] not offend the separation of powers doctrine," because it merely altered the substantive law. *Id*. ¶ 42.

**¶9**　　　　In this case, the analyses concerning whether the statutes and rules conflict and whether the statutes are procedural or substantive are interconnected. Rule 702, Ariz. R. Evid., allows testimony by a qualified expert if it "will assist the trier of fact to understand the evidence or to determine a fact in issue." Rule 703, Ariz. R. Evid., states that in forming an opinion the expert can rely on the types of data usually relied on by experts in the field, without regard to admissibility and whether the data is acquired before or during the hearing. On the other hand, in order for the court to commit someone involuntarily, the statutes at issue require that each of two physicians personally conduct a complete physical examination of the patient. *Pinal County Mental Health No. MH-201000029*, 592 Ariz. Adv. Rep. 24, ¶ 21.

**¶10** Therefore, the statutes do not govern the admissibility or relevance of expert testimony. Any witness qualified under the rules of evidence could be called to testify in an involuntary commitment action based on any facts permitted by the rules. Therefore, the statutes do not conflict with the rules.

**¶11** Rather, the legislature has defined the requirements for civil commitment, requiring two physicians to examine an individual as a necessary element of a petition for court-ordered treatment in § 36-533, requiring either their testimony or affidavits at the hearing in § 36-539(B), and defining "examination" in § 36-501(14). These provisions create, define and regulate rights and set the burden of proof for civil commitment. The requirements are substantive in nature. *See Seisinger*, 220 Ariz. 85, ¶ 39, 203 P.3d at 493; *see also Kansas v. Crane*, 534 U.S. 407, 413 (2002) ("States retain considerable leeway in defining the mental abnormalities and personality disorders that make an individual eligible for commitment."). *Cf. Martin v. Reinstein*, 195 Ariz. 293, ¶ 2, 987 P.2d 779, 785 (App. 1999) (legislature created Sexually Violent Persons Act, allowing involuntary commitment of individuals with mental disorders, "'likely to engage in acts of sexual violence'"), *quoting* A.R.S. § 36-3701(7)(b).

**¶12** Sections 36-533(B), 36-539(B), and 36-501(14), and Rules 702 and 703 do not conflict. The statutes establish the substantive elements required for an involuntary commitment and therefore are within the realm of legislative power. Therefore, we hold that §§ 36-533(B), 36-539(B), and 36-501(14) do not offend the separation of powers doctrine and are constitutional.

**Conclusion**

¶13        In light of the foregoing, we vacate the treatment order.

/s/ *Joseph W. Howard*
_____
JOSEPH W. HOWARD, Chief Judge

CONCURRING:

/s/ *J. William Brammer, Jr.*
_____
J. WILLIAM BRAMMER, JR., Presiding Judge

/s/ *Philip G. Espinosa*
_____
PHILIP G. ESPINOSA, Judge