NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

LEE KRIEGER, *Petitioner/Appellee,*

*v.*

JENNIFER DUICK, *Respondent/Appellant.*

No. 1 CA-CV 14-0036
FILED 1-20-2015

Appeal from the Superior Court in Maricopa County
No.  FC2008-003354
The Honorable Thomas L. LeClaire, Judge

**AFFIRMED**

COUNSEL

Zanon Law Offices, Phoenix
By Daniel A. Zanon
*Counsel for Petitioner/Appellee*

Law Office of Jeffrey Miller, Scottsdale
By Jeffrey Miller
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge John C. Gemmill and Judge Kenton D. Jones joined.

---

**K E S S L E R**, Judge:

¶1          Respondent/Appellant Jennifer Duick ("Mother") appeals the family court's post-decree order adopting the parties' binding agreement regarding parenting time and legal decision-making, ordering Mother to take steps to ensure her continued recovery from addiction, and awarding attorneys' fees and sanctions.  For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

¶2          Mother and Petitioner/Appellee Lee Krieger ("Father") married in 2000 and divorced in 2007.  Under the terms of the stipulated judgment dissolving their marriage, Mother and Father maintained joint physical and legal custody of their two minor children and a "flexible co-parenting arrangement."  Thereafter, the parties moved from California to Arizona and domesticated the judgment here.

¶3          Mother filed her first petition to modify and enforce parenting time and child support.  In February 2009, the family court issued an order granting Mother the majority of parenting time and awarding her final decision-making regarding the children's education.  Nine months later, Mother filed a second petition for modification of custody and other matters ("Petition"), this time seeking sole legal decision-making.[1] Father filed a counter-petition ("Counter-Petition"), arguing that the parties should continue to share joint legal custody, or, in the alternative, he should have sole legal decision-making.

---

[1] As of December 31, 2012, the Arizona legislature changed all references to "legal custody" in title 25, chapter 4 to "legal decision-making."  *See* 2012 Ariz. Sess. Laws, ch. 309, § 4 (2d Reg. Sess.).  The revised statutes apply to these proceedings.  Court rules, however, still use the term "custody" and, thus, we use the terms interchangeably here.

¶4      Upon stipulation of the parties, the family court appointed Paulette Selmi, Ph.D., to conduct a comprehensive custody evaluation. Dr. Selmi's lengthy report recommended that the court: (1) award equal parenting time to Mother and Father, alternating week by week; and (2) award Father legal decision-making for medical and educational matters.

¶5      After more than three years of litigation involving numerous filings, the parties entered a stipulation pursuant to Arizona Rule of Family Law Procedure 69 ("Rule 69 Agreement"). The family court adopted the Rule 69 Agreement, which reflected Dr. Selmi's recommendations for equal parenting time and legal decision-making to Father for medical and educational matters.

¶6      Thereafter, the court held a one-day evidentiary hearing to address the remaining issues, including discovery sanctions, attorneys' fees, and Dr. Selmi's recommendations regarding Mother's continued recovery from her addiction to drugs and alcohol.[2] Following the hearing, the family court issued an order adopting the Rule 69 Agreement and requiring Mother to: (1) attend counseling, participate in weekly AA meetings, and submit to drug testing; and (2) pay fifty percent of Father's attorneys' fees and $10,750 in discovery sanctions.

¶7      After the family court denied Mother's motion for new trial, she timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(5)(a) (West 2011).[3]

## DISCUSSION

### I.    Alleged Statutory Violation

¶8      Mother argues that the Petition and Counter-Petition violate the statutory requirements of A.R.S. § 25-411 (West 2013) because they were filed less than one year after the family court entered an order establishing parenting time and legal decision-making. Father argues that the petitions complied with A.R.S. § 25-411 and, alternatively, that Mother should have raised this issue earlier in the proceedings. We review de novo the

---

[2] Mother admits that she struggled with addiction during the parties' divorce. Mother's maintains that she has been sober since 2004 and does not need to attend therapy, Alcoholics Anonymous ("AA"), or submit to drug testing.

[3] We cite the current version of the applicable statute because no revisions material to this decision have since occurred.

interpretation of a statute. *Turf Paradise, Inc. v. Maricopa Cnty.*, 179 Ariz. 337, 340, 878 P.2d 1375, 1378 (App. 1994).

**¶9**  The relevant portion of the statute provides as follows:

> A person shall not make a motion to modify a legal decision-making or parenting time decree *earlier than one year after its date*, unless the court permits it to be made on the basis of affidavits that there is reason to believe the child's present environment may seriously endanger the child's physical, mental, moral or emotional health.

A.R.S. § 25-411(A) (emphasis added).

Here, the family court entered an order involving parenting time and legal decision-making in February 2009. Thereafter, Mother filed the Petition at issue in November 2009. Father filed his Counter-Petition in December. Clearly, both the Petition and the Counter-Petition were filed less than one year after the court's decision regarding parenting time and legal decision-making. Mother, however, waited more than three years to question whether her Petition and Father's Counter-Petition complied with A.R.S. § 25-411(A). By the time Mother asserted this challenge, the parties had engaged in more than three years of costly litigation and the court-appointed custody evaluator, Dr. Selmi, had completed her 200-page report. Mother's allegation is untimely and unavailing.

**¶10**  As explained in *In re Marriage of Dorman*, the requirements of A.R.S. § 25-411 are procedural, not jurisdictional. 198 Ariz. 298, 302, ¶ 9, 9 P.3d 329, 333 (App. 2000). A party must first assert appropriate objections in family court and, if necessary, challenge a failure to comply with the procedural requirements of A.R.S. § 25-411 by means of a special action brought prior to a resolution on the merits:

> The time for achieving the statute's intended protections . . . has passed if noncompliance is first brought to our attention on appeal from the final judgment. Errors in preliminary procedures, such as those in [A.R.S.] § 25–411, must be addressed prior to a resolution on the merits. Here, the trial court conducted an evidentiary hearing, reviewed the merits of the case, and determined there was sufficient cause to modify physical custody. It is too late to obtain effective appellate review of alleged noncompliance with the prehearing procedural requirements of [A.R.S.] § 25–411.

*Id.* at 302-03, ¶ 11, 9 P.3d at 333-34 (citations omitted).

**¶11** In this case, Mother filed the Petition seeking sole legal decision-making less than one year after the family court had issued an order establishing joint legal decision-making and awarding her the majority of parenting time. Several years into the litigation, Mother entered into the Rule 69 Agreement providing Father with legal decision-making for educational and medical matters and providing for equal parenting time. In preparing the Rule 69 Agreement, Mother and Father avowed that "the agreements set forth herein are in the best interests of their Minor Children" and requested that the court adopt the Rule 69 Agreement, which the court did. Now, after voluntarily entering into the Rule 69 Agreement, Mother asks this Court to vacate any and all rulings resulting from the hearing on her Petition and Father's Counter-Petition.

**¶12** As in *Dorman*, 198 Ariz. at 303, ¶ 14, 9 P.3d at 334, we decline to address the merits of Mother's untimely argument that the Petition and Counter-Petition violated the procedural requirements of A.R.S. § 25-411. To do so could potentially have an adverse effect on the best interests of the parties' minor children as determined by the parties themselves and endorsed by the family court.[4]

## II. Alleged Due Process Violations

### A. Admission of Scialli Report

**¶13** Mother contends the family court violated her due process rights by admitting a report authored by Dr. John Scialli without offering her the opportunity to cross-examine him. Father argues that the admission of Dr. Scialli's report in evidence is not grounds for reversing the family court's order. We review Mother's alleged violation of due process de novo. *See In re MH 2006-002044*, 217 Ariz. 31, 33, ¶ 7, 170 P.3d 280, 282 (App. 2007). "A trial court has broad discretion in admitting or excluding evidence" and we will not disturb its decision absent an abuse of its discretion and resulting prejudice. *Lashonda M. v. Ariz. Dep't of Econ. Sec.*, 210 Ariz. 77, 82-83, ¶ 19, 107 P.3d 923, 928-29 (App. 2005).

---

[4] Although we decline to decide on the merits whether Mother's Petition and Father's Counter-Petition complied with A.R.S. § 25-411, we note that both pleadings were verified and raised issues relating to the mental and physical well-being of the children.

¶14        During the litigation, Father separately retained Dr. Scialli, a psychiatrist, to conduct a psychiatric review of Mother and to render an opinion on Mother's history of chemical dependency, use of nicotine, prescription medication, and any potential danger to the children resulting from exposure to the same.   Dr. Selmi, the court-appointed custody evaluator, relied upon Dr. Scialli's report in preparing her evaluation.

¶15        Father listed Dr. Scialli as a witness in his pretrial statement but did not call him to testify at the hearing.   Instead, Father himself testified regarding Dr. Scialli's report and his attorney offered the report in evidence through Father's testimony.   Over Mother's objection, the family court admitted the report in evidence noting that "the Court will give it the weight that's appropriate."[5]

¶16        Arizona Rule of Evidence 703 provides that:

> An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed.  If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted.

Our supreme court has stated: "One doctor's reliance on the report or opinion of another qualified doctor is practically the paradigm of reasonable reliance."  *State v. Lundstrom*, 161 Ariz. 141, 146, 776 P.2d 1067, 1072 (1989).   Pursuant to Rule 703, an expert witness may testify to facts or data not otherwise admissible in evidence.  *See Cont'l Bank v. Wa-Ho Truck Brokerage*, 122 Ariz. 414, 418, 595 P.2d 206, 210 (App. 1979).  Because the facts and data are admitted only to show the basis of the expert's opinion and

---

[5] Mother's counsel did not object on the basis of hearsay.   Rather, counsel stated "Objection . . . Exhibit 2 clearly states on page 4":

> "The report reflects my . . . interpretations of limited sources of data, although I attempted to get information and to examine Ms. Duick herself.   As such, any diagnostic conclusions cannot be given with a degree of medical certainty."

Counsel argued, "I think the report is objectionable.  I don't think it comes in directly.  If they want to talk . . . about this report, they have to do it through [Dr.] Selmi."  Counsel attempted to elaborate on his objection, but the family court did not permit him to do so.

not to prove their truth, they do not constitute hearsay. *State v. Tucker*, 215 Ariz. 298, 315, ¶ 60, 160 P.3d 177, 194 (2007).

**¶17**　　　In this case, Dr. Selmi's reliance on Dr. Scialli's report was proper under Rule 703. Moreover, the facts and data included in Dr. Scialli's report were admissible for purposes of establishing the basis of Dr. Selmi's opinion. Father, however, is not an expert and Rule 703 does not apply to him. Therefore, it was improper for Father to testify regarding the contents of Dr. Scialli's report and for the family court to admit the report in evidence during Father's testimony in light of Mother's objections. *See Gaston v. Hunter*, 121 Ariz. 33, 41, 588 P.2d 326, 334 (App. 1978) ("[E]vidence which is inadmissible for the purpose offered should be rejected, notwithstanding that the evidence could have been received for another purpose or under a different theory.").

**¶18**　　　Having determined the family court erred in admitting Dr. Scialli's report through Father's testimony, we must determine whether its admission constitutes reversible error. "Error in admitting evidence is reversible if the reviewing court is unable to conclude that the jury would have reached the same verdict without the testimony." *Groener v. Briehl*, 135 Ariz. 395, 398, 661 P.2d 659, 662 (App. 1983). Here, we conclude that the family court would have reached the same decision even without the admission of Dr. Scialli's report. Dr. Selmi, the court-appointed custody evaluator, testified that she relied upon Dr. Scialli's report and she included a detailed summary of his report in her comprehensive custody evaluation, which evaluation was admitted into evidence. The family court properly relied upon Dr. Selmi's evaluation in rendering its decision. Moreover, we find no indication the court relied upon Dr. Scialli's report other than for the limited purpose of considering it as one of Dr. Selmi's sources of information.

**¶19**　　　Accordingly, we find no reversible error in the admission of Dr. Scialli's report. *See Borja v. Phoenix Gen. Hosp., Inc.*, 151 Ariz. 302, 306, 727 P.2d 355, 359 (App. 1986) (determining that the improper admission of cumulative evidence was harmless error).

## B.　　　Evidentiary Hearing Time Management

**¶20**　　　Mother argues that the family court violated her due process rights by denying her equal time to present her case and testify on her own behalf. Father argues that Mother was permitted adequate time to present her case.

**¶21**　　　　Pursuant to Arizona Rule of Evidence 611(a), the superior "court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence." In exercising such control, the court may impose "reasonable time limits" on the proceedings. Ariz. R. Civ. P. 16(h); *see also* Ariz. R. Fam. L. P. 22(1). "We review the trial court's imposition of time limits for an abuse of discretion." *Gamboa v. Metzler*, 223 Ariz. 399, 402, ¶ 13, 224 P.3d 215, 218 (App. 2010). To prevail on appeal, Mother must show that she incurred harm as a result of the court's time limitations. *Id*. at ¶ 17.

**¶22**　　　　We will not review an alleged error in excluding evidence unless the party has made a proper record by submitting an offer of proof. *See Montano v. Scottsdale Baptist Hosp., Inc.*, 119 Ariz. 448, 453, 581 P.2d 682, 687 (1978) ("It is settled that an appellate court will not review on appeal alleged error at trial [if] the appealing party has failed to make a proper record in the form of an objection, stating specifically the grounds therefore or, if the ruling is one excluding evidence, an offer of proof."); Ariz. R. Evid. 103(a)(2) (requiring an offer of proof unless the substance of the evidence was apparent from the context). As our supreme court has explained "[o]ffers of proof serve a two-fold purpose:"

> First, the description puts the trial judge in a better position to determine whether his initial ruling was erroneous and to allow the evidence to be introduced if he decides it was. Second, the appellate court will be able from the description to determine whether any error was harmful in the context of the case.

*Jones v. Pak-Mor Mfg. Co.*, 145 Ariz. 121, 129, 700 P.2d 819, 827 (1985) (internal quotation marks and citation omitted).

**¶23**　　　　The family court originally scheduled a two-day evidentiary hearing on the Petition and Counter-Petition. After the parties filed the Rule 69 Agreement resolving their issues of parenting time and legal decision-making, the court shortened the hearing to one day. In light of the Rule 69 Agreement, we view the court's decision to limit the hearing to one day as reasonable.

**¶24**　　　　On the day of the hearing, Father testified first, followed by Mother's expert, and the court-appointed custody evaluator, Dr. Selmi. With approximately thirty minutes remaining in the hearing, the family court informed Mother's counsel that he was "way over [his] time." Mother's counsel moved to continue the hearing in order to call Mother as

a witness. The court denied the motion. Mother's attorney failed to make an offer of proof regarding the substance of the testimony Mother sought to present.[6] Although the transcript from the hearing confirms that the family court misallocated the time in favor of Father, without an offer of proof we are unable to determine whether the error prejudiced Mother. Therefore, there was no reversible error. [7]

## III.    Discovery Sanctions and Attorneys' Fees

¶25         Mother challenges the family court's rulings requiring her to pay half of Father's attorneys' fees and $10,750 in discovery sanctions.[8]

¶26         An award of fees is within the superior court's sound discretion and we will not disturb an award absent an abuse of discretion. *In re Marriage of Berger*, 140 Ariz. 156, 167, 680 P.2d 1217, 1228 (App. 1983). Section 25-324(A) (West 2010) provides:

> The court from time to time, after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings, may order a party to pay a reasonable amount to the other party for the costs and expenses of maintaining or defending any proceeding under this chapter or chapter 4, article 1 of this title.

¶27         Here, the family court found that "Mother has been significantly unreasonable in the course of this unnecessarily lengthy litigation."  In addition to interfering with Father's court ordered sole authority on the issues of medical care for the minor children, the court noted other examples of Mother's unreasonable actions including, failing to: (1) provide required discovery; (2) follow the directives of the court with respect to discovery; (3) timely file exhibits for trial; (4) attend a deposition scheduled by mutual agreement; and (5) file a pretrial statement as ordered.

---

[6] In her motion for new trial, Mother argued that she was prejudiced by the court's misallocation of time, but she did not summarize what the content of her testimony would have been.

[7] We grant Father's motion for leave to file a sur-reply in light of Mother not filing any opposition to such motion.

[8] Father's attorneys' fees and costs total $181,996.08.  Mother is required to pay half of that, or $96,918.83.

In light of the record in this case, we cannot say that the family court abused its discretion in ordering Mother to pay discovery sanctions and attorneys' fees.

¶28 Mother also argues the family court may have forced her to pay portions of Father's attorneys' fees twice by imposing the $10,750 discovery sanction and then ordering her to pay $96,918.33 in fees, which award was presumably based in part on time expended in discovery disputes. We disagree. The sanction was a $200 per day order for each day Mother did not comply with the court's orders requiring discovery responses. The sanction was to enforce the court's orders, not award reimbursement of Father's fees. Moreover, given that the court ultimately ordered Mother only pay half of the fees requested by Father, Mother cannot show that such order included time spent by Father's attorney on the discovery disputes which were the source of the sanction order.

¶29 Both parties have requested an award of attorneys' fees incurred on appeal pursuant to A.R.S. § 25–324. In the exercise of our discretion, we decline both requests.

**CONCLUSION**

¶30 For the foregoing reasons, we affirm the decision of the family court.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama