699 P.2d 1312

**In the Matter of Application For the COMMITMENT OF AN ALLEGED MENTALLY DISORDERED PERSON, NO. MH–1360–1–84.**

**2 CA–CIV 5101.**

Court of Appeals of Arizona, Division 2, Department B.

March 11, 1985.

Frederic J. Dardis, Pima County Public Defender by Katherine Markoulis, Tucson, for appellant.

Stephen D. Neely, Pima County Atty. by Martha M. Durkin, Tucson, for appellee.

## OPINION

LIVERMORE, Judge.

Appellant shot herself in the head in October 1983. In January 1984 she told a social worker she felt as she did in October. Alarmed, the social worker arranged for emergency hospitalization. At the hospital appellant asked the janitor to kill her. On this and other evidence, the trial court found by clear and convincing evidence that appellant was suffering from a mental illness and was a danger to herself and ordered a 90-day commitment to Kino Hospital. She appeals contending that the trial court failed to find that she was unable or unwilling to accept voluntary treatment and that an incompetent witness testified at the commitment hearing. We have jurisdiction under A.R.S. § 36–546.01.

A.R.S. § 36–540(A) authorizes the court to order treatment if it

"... finds by clear and convincing evidence that the proposed patient is, as a result of mental disorder, a danger to himself, a danger to others or gravely disabled and in need of treatment, and is either unwilling or unable to accept voluntary treatment...."

The trial court expressly found mental disorder and danger to self; it did not find unwillingness or inability to accept voluntary treatment. While there was ample evidence from which such a finding could have been made, there was other contradictory evidence. The statutory requirement of inability or unwillingness appears to reflect a legislative judgment that voluntary treatment is to be preferred if feasible. See Shuman, Hegland and Wexler, *Arizona's Mental Health Services Act: An Overview and an Analysis of Proposed Amendments*, 19 Ariz.L.Rev. 313, 324–25 (1977). That judgment is supported both because that which is undertaken voluntarily may be medically more efficacious and because there may be constitutional doubts as to the power of the state to use compulsion when compulsion is not shown to be necessary.

Given the clear language of the statute and the importance of the policies underlying it, we hold a finding of inability or unwillingness to accept voluntary treatment must be made on the record before the court may order treatment under

A.R.S. § 36–540. The state urges us to affirm on the ground that necessary findings will be presumed when reasonably supported by the evidence. See *Coronado Co. v. Jacome's Department Store, Inc.*, 129 Ariz. 137, 629 P.2d 553 (App.1981). We have applied this rule in civil cases where a statute requires a finding. *Wineinger v. Wineinger*, 137 Ariz. 194, 669 P.2d 971 (App.1983). We decline to extend that rule to the statute before us. First, unlike the ordinary civil case, this proceeding results in the loss of liberty. Second, it involves a substantially higher burden of proof. Finally, and to us most significantly, when the record is silent we cannot determine whether the trial court neglected to make explicit an implicit finding or neglected to consider the matter at all.

Appellant next contends that the requirement in A.R.S. § 36–539(B) that the evidence at a commitment hearing include the testimony of at least two witnesses "acquainted with the patient at the time of the alleged mental disorder" was not satisfied because one of those witnesses was a nurse at the hospital to which she was ultimately committed. We have held otherwise. *In the Matter of the Appeal in Pima County Mental Health Matter No. MH 862-16-84*, 143 Ariz. 338, 693 P.2d 993 (App.1984).

The case is remanded for a determination whether appellant, at the time of commitment, was unwilling or unable to accept voluntary treatment.

HATHAWAY, P.J., and LACAGNINA, J., concur.