IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

IN RE PIMA COUNTY MENTAL
HEALTH NO. MH 3079-4-11

)
)
)
)
)
)
)

2 CA-MH 2011-0004
DEPARTMENT A

O P I N I O N

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Honorable Richard C. Henry, Court Commissioner

VACATED AND REMANDED

Barbara LaWall, Pima County Attorney
  By Barbara S. Burstein

Tucson
Attorneys for Appellee

Barton & Storts, P.C.
  By Brick P. Storts, III

Tucson
Attorneys for Appellant

H O W A R D, Chief Judge.

¶1          After a hearing, the trial court found that, as a result of a mental disorder, appellant is persistently or acutely disabled, a danger to himself and others, and in need of mental health treatment. *See* A.R.S. §§ 36-533, 36-540. Finding appellant was unable or unwilling to comply with voluntary treatment, the court ordered that he receive inpatient treatment for a period not to exceed 180 days. For the reasons stated, we vacate the court's order and remand this case to the trial court for further proceedings.

¶2 We view the evidence and all reasonable inferences therefrom in the light most favorable to affirming the trial court's rulings. *See In re MH 2008-001188*, 221 Ariz. 177, ¶ 14, 211 P.3d 1161, 1163 (App. 2009). In January 2011, appellant's mother completed an application for emergency evaluation alleging appellant was a danger to himself and others. Based on that application, a medical doctor filed a petition for court-ordered evaluation, and the trial court issued an order for psychiatric evaluation. After that evaluation, Dr. Daniel Shinnick, appellant's psychiatrist, filed a petition for court-ordered treatment, and a hearing was set for March 4, 2011.

¶3 At the first day of the hearing, the trial court denied appellant's request to waive his right to counsel, finding appellant was "not capable of representing himself." The court then heard testimony and received evidence. The court stated the next day of the hearing would occur in "approximately two (2) weeks" to allow time for an independent medical exam to be completed. Three days later, the court issued an order setting the date of the second day of the hearing for March 16, 2011, at 9:00 a.m. Although that order was sent to appellant's counsel, nothing in the record suggests appellant received personal notice of the date and time of the hearing. Before that hearing, appellant left the locked treatment facility in which he was being housed. Appellant did not appear at the March 16 hearing, and appellant's counsel moved to continue the hearing until he could be located. The court determined, however, that appellant had left the facility voluntarily and therefore voluntarily had waived his right to be present for the remainder of his hearing. At the conclusion of the hearing, the court found as described above. This appeal followed.

2

**¶4** Appellant argues the trial court erred in finding he could not knowingly and intelligently waive his right to counsel and in finding he had notice of the hearing and knowingly and voluntarily had waived his right to be present. He further asserts the evidence did not support the court's finding that he was a danger to himself or others. Because we conclude the court erred in finding appellant knowingly and voluntarily had waived his right to be present, we do not address appellant's other arguments.

**¶5** Because involuntary treatment by court order constitutes "'a serious deprivation of liberty,'" a proposed patient is accorded due process protection, including a full and fair adversarial proceeding. *In re MH 2006-000749*, 214 Ariz. 318, ¶ 14, 152 P.3d 1201, 1204 (App. 2007), *quoting In re Coconino Cnty. No. MH 1425*, 181 Ariz. 290, 293, 889 P.2d 1088, 1091 (1995). The procedural requirements established by our legislature to implement a patient's due process rights include that "[t]he patient and the patient's attorney shall be present at all hearings." A.R.S. § 36-539(B); *see also MH 2006-000749*, 214 Ariz. 318, ¶ 15, 152 P.3d at 1204. The right to be present, however, may be waived if done so voluntarily and intelligently. *MH 2006-000749*, 214 Ariz. 318, ¶¶ 18-20, 152 P.3d at 1205. Given the nature of an involuntary treatment procedure, specifically that the proposed patient is alleged to be unable or unwilling to accept treatment for a serious mental disorder, "the superior court may not presume that a patient who is absent from [his or] her involuntary treatment hearing has knowingly and intelligently waived [his or] her right to be present." *Id.* ¶ 24. We will not disturb the court's finding of voluntary waiver absent an abuse of the court's discretion. *Id.* ¶ 30.

3

¶6 As we noted above, appellant had not been informed when the remainder of his hearing would occur. We recognize that a civil litigant is obligated to keep in touch with his or her attorney. *See Hackin v. First Nat'l Bank of Ariz.*, 5 Ariz. App. 379, 385, 427 P.2d 360, 366 (1967) (where client fails to keep in touch with attorney, client cannot complain because he did not know trial date). But nothing in the record shows appellant had been warned the proceedings could occur in his absence or that he should maintain contact with counsel. *Cf.* Ariz. R. Crim. P. 9.1 (trial court may infer defendant's voluntary absence if defendant had personal notice of time of proceeding, right to be present, and warning proceeding could occur in defendant's absence). And we question the wisdom of finding constructive or imputed notice of the hearing based on an obligation to maintain contact with counsel when the appellant allegedly suffers from a serious mental illness. *Cf. MH 2006-000749*, 214 Ariz. 318, ¶ 23, 152 P.3d at 1206 (determining whether waiver voluntary and knowing "particularly problematic in an involuntary treatment hearing" because patient alleged to be "so persistently or acutely disabled as a result of a mental disorder that she should be compelled to receive treatment").

¶7 Thus, we find no reason to conclude appellant had actual or constructive notice of the hearing, much less that he knowingly and intelligently waived his right to be present. And, even assuming appellant had notice, the trial court was not permitted to presume his absence was voluntary without some evidence suggesting he knowingly and intelligently had waived his right to be present. *Id.* ¶ 24. Moreover, we find no basis in the record to reconcile the court's finding that appellant was unable to knowingly and

4

intelligently waive his right to counsel with its finding that appellant knowingly and intelligently could waive his right to be present. Although we do not suggest the factors in making those determinations are identical, both involve an inquiry into whether the potential patient understands the right being waived and is capable of making an informed decision. *See In re Jesse M.*, 217 Ariz. 74, ¶¶ 30, 34-35, 170 P.3d 683, 689-90 (App. 2007); *MH 2006-000749*, 214 Ariz. 318, ¶ 23, 152 P.3d at 1206.

**¶8**        Accordingly, we vacate the trial court's order compelling appellant to undergo inpatient treatment and remand this case to the trial court for further proceedings consistent with this decision.

/s/ *Joseph W. Howard*
JOSEPH W. HOWARD, Chief Judge

CONCURRING:

/s/ *Peter J. Eckerstrom*
PETER J. ECKERSTROM, Presiding Judge

/s/ *J. William Brammer, Jr.*
J. WILLIAM BRAMMER, JR., Judge

5