NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

IN RE MH2015-000579

No. 1 CA-MH 15-0045
FILED 1-12-2016

Appeal from the Superior Court in Maricopa County
No.  MH2015-000579
The Honorable Susan G. White, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Gerald G., Phoenix
*Appellant*

Maricopa County Attorney's Office, Phoenix
By Anne C. Longo, Bruce P. White
*Counsel for Appellee*

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Peter B. Swann joined.

**J O N E S**, Judge:

¶1          Appellant appeals the superior court's order finding him not indigent and committing him to combined inpatient and outpatient treatment. For the following reasons, we affirm.

## FACTS[1] AND PROCEDURAL HISTORY

¶2          Appellant was arrested in February 2015 by the Scottsdale Police Department (the Department) after it received a call from a law firm reporting Appellant had sent multiple threatening emails to its employees. A crisis intervention specialist with the Department evaluated Appellant and, believing him to be a danger to others, completed an application for involuntary evaluation pursuant to Arizona Revised Statutes (A.R.S.) section 36-520(A),[2] and an application for emergency admission for evaluation pursuant to A.R.S. § 36-524. On February 17, 2015, Dr. John Lee filed a petition for court-ordered evaluation with the superior court pursuant to A.R.S. § 36-523, and the court issued a "detention order for evaluation and notice" on February 18, 2015. On February 20, 2015, following Appellant's evaluation, Dr. Gretchen Alexander filed a petition for court-ordered treatment pursuant to A.R.S. § 36-533 alleging Appellant posed a danger to others and was persistently or acutely disabled; the petition sought an order for combined inpatient and outpatient treatment pursuant to A.R.S. § 36-540(A)(2).

¶3          The Maricopa County Public Advocate filed a "Motion for Determination of Counsel" alleging Appellant was not indigent and wished to "represent himself, *pro per*, in this matter." The motion asserted Appellant claimed to have "the necessary background and expertise to represent himself" and "adequate resources to compensate private counsel for representation in the pending mental health matter." The court ordered the Public Advocate to remain as counsel, and an evidentiary hearing on

---

[1]     We view the facts in the light most favorable to sustaining the superior court's judgment and, absent clear error, will not set aside its related findings. *In re MH 2008-002596*, 223 Ariz. 32, 35, ¶ 12 (App. 2009) (citing *In re MH 94-00592*, 182 Ariz. 440, 443 (App. 1995)).

[2]     Absent material revisions from the relevant date, we cite a statute's current version.

the petition for court-ordered treatment was held on February 27, 2015, five business days after the petition was filed.

**¶4** At the hearing, Appellant requested to represent himself, and the court denied his request. After Petitioner rested its case, the court was addressed by the Public Advocate, but ultimately "advised that [Appellant] is requesting to no longer be represented by Counsel and does not wish to defend his case." Appellant rested, and the court found by clear and convincing evidence Appellant suffered from a mental disorder, was persistently or acutely disabled, was in need of treatment, and was either unwilling or unable to accept voluntary treatment. The court dismissed the allegation that Appellant was a danger to others and found Appellant not indigent for purposes of A.R.S. § 11-584(A). The court further ordered Appellant submit to a maximum of 365 days of combined inpatient and outpatient treatment with a maximum of 180 days of inpatient treatment. Appellant timely appealed, and we have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), -2101(A)(10)(a), and 36-546.01.

## DISCUSSION

**¶5** Appellant argues the superior court erred in finding him not indigent and in ordering a combination of inpatient and outpatient treatment. Inasmuch as these issues present questions of law, we review them *de novo*. *See In re MH 2012-002480*, 232 Ariz. 421, 422, ¶ 5 (App. 2013) (citing *In re MH 2006-000749*, 214 Ariz. 318, 321, ¶ 13 (App. 2007)).

### I. Finding of Indigence

**¶6** Appellant argues he has no funds and the superior court erred in finding him not indigent. As relevant here, a public defender shall be appointed where an individual is "entitled to counsel as a matter of law and . . . not financially able to employ counsel in . . . [m]ental disorder hearings only if appointed by the court under title 36, chapter 5." A.R.S. § 11-584(A)(3).

**¶7** Here, a public defender was appointed to assist Appellant, and did assist Appellant, before and throughout the hearing, despite Appellant's numerous attempts to waive the appointment. However, Appellant did not make a transcript of the hearing part of the record. *See* ARCAP 11(c)(1)(A) (requiring the appellant to "order transcripts of superior court proceedings not already in the official record that the appellant deems necessary for proper consideration of the issues on appeal"). In the absence of a hearing transcript, we assume the superior court's findings and conclusions are supported by the record. *See Romero v.*

*Sw. Ambulance*, 211 Ariz. 200, 203, ¶ 4 (App. 2005) (citing *State ex. rel Dep't of Econ. Sec. v. Burton*, 205 Ariz. 27, 30, ¶ 16 (App. 2003); *Bolm v. Custodian of Records*, 193 Ariz. 35, 41-42, ¶ 19 (App. 1998); and *Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995)).  Appellant's unsupported argument that the superior court erred is insufficient to overcome that presumption.

## II.  Request for Counsel

**¶8**        Appellant also argues he cannot effectively represent himself because he "[s]uffers from symptoms of Mild Cognitive Impairment, and is being evaluated for a designation of early onset dementia."[3]  But, Arizona's public defender statute only permits appointment of appellate counsel if the appellant is "entitled to counsel as a matter of law and . . . is not financially able to employ counsel."  A.R.S. § 11-584(A)(7).  Because the superior court found Appellant not indigent, he is not entitled to a public defender on appeal. *See id.*  Furthermore, Appellant has not shown that his condition precludes effective self-representation on appeal, let alone that such a showing would, alone, justify the appointment of counsel. *See* A.R.S. § 11-584(A)(3).  Therefore, we find no error.[4]

---

[3]        Because Appellant was represented by counsel throughout the superior court proceedings, his only apparent remedy is the appointment of counsel on appeal.  However, Appellant has not cited any legal authority or mechanism by which this Court could provide such relief, and we find none.

[4]        We recognize civil commitment proceedings "differ from criminal proceedings" and "should not be constitutionally 'equated to a criminal prosecution' because the state is not acting in a punitive manner." *In re MH 2008-000867*, 225 Ariz. 178, 180-81, ¶ 8 (2010) (quoting *Addington v. Texas*, 441 U.S. 418, 428 (1979)).  However, we note our concern with the incongruity our necessary finding presents in light of precedent stating, "involuntary treatment by court order constitutes 'a serious deprivation of liberty,' . . . accord[ing a proposed patient] due process protection, including a full and fair adversarial proceeding.'" *Pima Cnty. Mental Health No. MH 3079-4-11*, 228 Ariz. 341, 342, ¶ 5 (App. 2011) (quoting *MH 2006-000749*, 214 Ariz. at 321, ¶ 14); *accord Vitek v. Jones*, 445 U.S. 480, 491 (1980) (noting a court-ordered "commitment to a mental hospital produces 'a massive curtailment of liberty'") (quoting *Humphrey v. Cady*, 405 U.S. 504, 509 (1972)).  An irreconcilable tension appears to exist in the law where, as here, the superior court makes a finding — of which we find no legal error

### III.    Court-Ordered Treatment

**¶9**         Appellant argues the superior court erred in ordering he submit to psychiatric treatment because the statutory requirements were not met, his "pre-court hold period" violated state and federal law, and he was not allowed to fully defend the action.  The record does not support these assertions.

####         A.    The Superior Court's Order is Supported by the Requisite Findings.

**¶10**        Arizona's statutory requirements must be strictly followed in an involuntary treatment proceeding given that the result may seriously deprive Appellant of his liberty interests.  *See MH 2008-002596*, 223 Ariz. at 35, ¶ 12 (citations omitted).  From our review, the superior court properly concluded the statutory requirements were met, and the order was supported by sufficient evidence.

**¶11**        As relevant here, A.R.S. § 36-540(A)(2) provides:

> If the court finds by clear and convincing evidence that the proposed patient, as a result of mental disorder, is a danger to self, is a danger to others, has a persistent or acute disability or a grave disability and [is] in need of treatment, and is either unwilling or unable to accept voluntary treatment, the court shall order the patient to undergo . . . [t]reatment in a program consisting of combined inpatient and outpatient treatment.

"Persistent or acute disability" is a severe mental disorder meeting the following criteria:

> (a) If not treated has a substantial probability of causing the person to suffer or continue to suffer severe and abnormal

---

— that an individual is not indigent, and therefore either responsible for obtaining counsel on appeal or representing himself, despite the court's additional finding that the individual suffers from a mental disorder of sufficient magnitude to warrant court-ordered treatment.  Under these circumstances, the court's findings are likely to be affirmed on appeal, given the deferential standard of review, with the practical effect that the individual, who is arguably unable to obtain counsel or represent himself as a result of a mental impairment, would be subject to a serious liberty deprivation without the benefit of counsel to intelligibly challenge the legitimacy of those findings.

mental, emotional or physical harm that significantly impairs judgment, reason, behavior or capacity to recognize reality.

(b) Substantially impairs the person's capacity to make an informed decision regarding treatment, and this impairment causes the person to be incapable of understanding and expressing an understanding of the advantages and disadvantages of accepting treatment and understanding and expressing an understanding of the alternatives to the particular treatment offered after the advantages, disadvantages and alternatives are explained to that person.

(c) Has a reasonable prospect of being treatable by outpatient, inpatient or combined inpatient and outpatient treatment.

A.R.S. § 36-501(31). Contrary to Appellant's concerns, the relevant statutes do not require the superior court to find Appellant's treatment is required for public safety. *See id.*; A.R.S. § 36-540(A)(2); *cf. MH 94-00592*, 182 Ariz. at 443-45 (holding that a court may find an individual has a persistent and acute disability, even without evidence of an overt act or current behavior demonstrating that disability, so long as other clear and convincing evidence of the disability is presented) (citing *In re MH 90-00566*, 173 Ariz. 177, 184 (App. 1992)).

¶12        Additionally, although the superior court dismissed the allegation that Appellant was a danger to others, it found by clear and convincing evidence that, as a result of a mental disorder, Appellant has a persistent or acute disability in need of treatment and is unwilling or unable to accept voluntary treatment. Without a transcript of the hearing in which the court heard testimony supporting its findings, we assume its findings are supported by the record. *See supra* ¶ 7. These findings were sufficient for the court to order involuntary treatment under A.R.S. § 36-540(A). *See MH 94-00592*, 182 Ariz. at 445 (noting an order for involuntary treatment may be upheld where the court has clear and convincing evidence that the defendant is persistently or acutely disabled and is either unwilling or unable to accept voluntary treatment). We find no error.

**B.     Appellant's Detention Period Did Not Violate State or Federal Law.**

¶13          The record reflects Appellant was detained on February 18, 2015 after a petition for evaluation was filed pursuant to A.R.S. § 36-529(B). This statute states:

> If, from review of the petition for evaluation, there is reasonable cause to believe that the proposed patient is, as a result of a mental disorder, a danger to self or others, has a persistent or acute disability or a grave disability and that the person requires immediate or continued hospitalization prior to his hearing on court-ordered treatment, the court shall order the proposed patient taken into custody and evaluated at an evaluation agency.

Appellant was evaluated, and a petition for court-ordered treatment was filed on February 20, 2015. Pursuant to A.R.S. § 36-535(B), the court must "order the hearing to be held within six business days after the petition is filed, except that, on good cause shown, the court may continue the hearing at the request of either party." There was no continuance, and the hearing was held on February 25, 2015, five business days after the petition for court-ordered treatment was filed. Therefore, the length of Appellant's detention does not violate Arizona law.

¶14          Appellant fails to cite any federal law governing time limitations for detention following an order for evaluation and, by failing to do so, waives any claim that his detention violated federal law. *See Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62 (App. 2009) (noting ARCAP 13(a)(6) "requires the appellant to provide 'citations to the authorities, statutes and parts of the record relied on'" and "[f]ailure to do so can constitute abandonment and waiver of that claim") (citing *State v. Moody*, 208 Ariz. 424, 452 n.9, ¶ 101 (2004)). We therefore find no error in the period of Appellant's detention.

**C.     The Petition for Court-Ordered Treatment was Properly Filed, and Appellant was Allowed to Fully Defend the Action.**

¶15          Appellant contends the court-ordered treatment process was "seriously flawed" because the petition for court-ordered treatment was improperly filed and he was not allowed to put on an adequate defense. Appellee argues Appellant waived these claims by not raising them before the superior court. It is worth repeating that Appellant was represented by

counsel throughout the superior court proceeding during which this alleged impropriety would have occurred. Beyond that, we are unpersuaded by Appellant's arguments because, as stated above, in the absence of a hearing transcript, we assume the court's findings and conclusions are supported by the record, *see supra* ¶ 7, including those asserting the petition was properly filed and Appellant was permitted a sufficient opportunity to defend the action. On this basis, we find no error.

## CONCLUSION

¶16     For the foregoing reasons, we affirm the superior court's order.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama