NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

IN RE: MS2009-000010

No. 1 CA-MH 19-0011 SP
FILED 12-10-2019

Appeal from the Superior Court in Maricopa County
No. MS2009-000010
The Honorable Jay M. Polk, Judge

**AFFIRMED**

COUNSEL

Maricopa County Legal Defender's Office, Phoenix
By Anne H. Phillips
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Aubrey Joy Corcoran
*Counsel for Appellee State of Arizona*

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge Diane M. Johnsen joined.

**J O N E S**, Judge:

¶1　　　　　Appellant challenges the superior court's order denying his petition for discharge from the Arizona Community Protection and Treatment Center (ACPTC) at the Arizona State Hospital (ASH). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2　　　　　In 2009, the superior court determined Appellant was a sexually violent person (SVP) and ordered him committed to ACPTC.[1] *See* Ariz. Rev. Stat. (A.R.S.) §§ 36-3701(7)[2] (defining SVP as a person who "[h]as ever been convicted of . . . a sexually violent offense . . . [and] [h]as a mental disorder that makes the person likely to engage in acts of sexual violence"), -3707(B) (authorizing the superior court to commit an SVP to a licensed facility supervised by ASH). In 2016, Appellant made progress toward his treatment goals and was transferred to a less restrictive program within ACPTC. *See* A.R.S. § 36-3710 (directing conditional release to a less restrictive alternative if it is in the SVP's best interest and the public is adequately protected). Two years later, Appellant petitioned for absolute discharge. *See* A.R.S. § 36-3714(A) (authorizing discharge from treatment if the SVP's "mental disorder has so changed that the person is not likely to engage in acts of sexual violence if discharged").

¶3　　　　　At the December 2018 hearing, Sarah Gallimore, Psy.D., testified regarding a December 2017 report she had authored recommending Appellant remain at ACPTC. Dr. Gallimore is an Arizona-licensed clinical psychologist whose practice focuses on persons who have committed sexually violent offenses. She is familiar with Arizona's SVP statutes and sex-offender treatment programs and has completed approximately sixty-five SVP evaluations. When evaluating the needs of an SVP, Dr. Gallimore interviews the person, reviews legal and treatment records and past diagnoses, and completes various risk-assessment tools to determine whether the person is making progress in treatment and whether the person continues to pose a danger to the public. After reviewing all the information, Dr. Gallimore attributes diagnoses, determines the person's

---

[1]　　　We view the facts in the light most favorable to upholding the superior court's ruling. *In re MH 2008-001188*, 221 Ariz. 177, 179, ¶ 14 (App. 2009) (citing *In re MH 94-00592*, 182 Ariz. 440, 443 (App. 1995)).

[2]　　　Absent material changes from the relevant date, we cite the current version of rules and statutes.

level of risk, and makes a recommendation about the need for continued treatment.

¶4  Based upon Appellant's self-reports, a review of his history, and her prior experience evaluating him for a 2015 report, Dr. Gallimore testified that Appellant was diagnosed with antisocial personality disorder and exhibitionist disorder immediately before he was found to be an SVP and committed to ACPTC in 2009. She then determined Appellant continued to experience these disorders, and others, in 2017. The antisocial personality disorder, characterized by aggressiveness and a lack of empathy, was of particular concern, which, when combined with more recently identified narcissistic personality and paraphilic disorders,[3] left Appellant "at high risk for committing another sexually violent offense." Dr. Gallimore's evaluation was consistent with three separate actuarial risk assessment tools that employ different combinations of static, dynamic, objective, and subjective factors — the Static-99R, the Static-2002R, and the SVR-20 — each of which placed Appellant at a "well above average risk" of committing a new sexual offense within five years with a rate of recidivism several times greater than the average individual convicted of a sexually motivated offense. Accordingly, Dr. Gallimore opined that absolute discharge would not be in Appellant's best interest or adequately protect the community.

¶5  Brian Abbott, Ph.D., testified on Appellant's behalf, criticizing Dr. Gallimore's use, administration, and interpretation of the SVR-20. He also pointed out that the version of the SVR-20 Dr. Gallimore administered to Appellant was outdated, having been replaced three months before her evaluation of Appellant. Dr. Abbott did not personally evaluate Appellant but testified, based upon his review of Dr. Gallimore's report, that the State had failed to prove that Appellant's continued commitment at ACPTC was warranted. Dr. Abbott nonetheless agreed that current evidence of impulsivity and lack of remorse could demonstrate a person suffered from antisocial personality disorder, and that these behaviors, in conjunction with paraphilic conditions, could cause someone to have serious difficulty controlling sexually violent behavior.

---

[3]  Paraphilia is the "expression of the sexual instinct in practices which are socially prohibited or unacceptable, or biologically undesirable." *Dorland's Illustrated Medical Dictionary* 1135 (25th ed. 1974).

¶6 After taking the matter under advisement, the superior court denied the petition for discharge. Appellant timely appealed, and we have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and -2101(A)(10)(a).

## DISCUSSION

¶7 At a hearing on an SVP's petition for discharge from treatment, "[t]he attorney for the state has the burden of proving beyond a reasonable doubt that the petitioner's mental disorder has not changed and that the petitioner remains a danger to others and is likely to engage in acts of sexual violence if discharged." A.R.S. §§ 36-3709(A), (C), -3714(A). Here, the superior court found "beyond a reasonable doubt that: (a) [Appellant]'s mental disorder has not changed; (b) [Appellant] remains a danger to others; and (c) [Appellant] is likely[] to engage in acts of sexual violence if he is unconditionally discharged." Appellant argues the evidence is insufficient to sustain these findings in support of continued commitment at ACPTC. We disagree.

¶8 We will not set aside the findings supporting an order for involuntary civil commitment "unless they are clearly erroneous." *MH 2008-001188*, 221 Ariz. at 179, ¶ 14 (citing *MH 94-00592*, 182 Ariz. at 443). "A finding of fact is not clearly erroneous if substantial evidence supports it, even if substantial conflicting evidence exists." *Ramsey v. Ariz. Registrar of Contractors*, 241 Ariz. 102, 109, ¶ 22 (App. 2016) (quoting *Kocher v. Dep't of Revenue of Ariz.*, 206 Ariz. 480, 482, ¶ 9 (App. 2003)). Substantial evidence is such proof that a reasonable person could accept as adequate and sufficient to support the facts beyond a reasonable doubt. *See State v. Coulter*, 236 Ariz. 270, 275, ¶ 12 (App. 2014) (quoting *State v. Gunches*, 225 Ariz. 22, 25, ¶ 14 (2010)).

¶9 Appellant argues perceived deficiencies in Dr. Gallimore's analysis render her conclusions invalid. He does not challenge her general competency to testify. *See generally* A.R.S. § 36-3701(2) (defining "competent professional" for purposes of Arizona's SVP statutes); Ariz. R. Evid. 702 (governing the general admissibility of expert testimony). Therefore, her testimony "should be tested by the adversary process — competing expert testimony and active cross-examination — rather than excluded from [the fact-finder's] scrutiny for fear that [it] will not grasp its complexities or satisfactorily weigh its inadequacies." *State v. Bernstein*, 237 Ariz. 226, 229, ¶ 18 (2015) (quoting *State v. Langill*, 945 A.2d 1, 11 (N.H. 2008)); *see also State ex rel. Montgomery v. Miller*, 234 Ariz. 289, 298, ¶ 20 (App. 2014) ("[C]ross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate

means of attacking shaky but admissible expert evidence.") (citing Ariz. R. Evid. 702, and quoting *Heller v. Shaw Indus., Inc.*, 167 F.3d 146, 152 (3rd Cir. 1999)).

**¶10**        Dr. Gallimore testified at length regarding her experience and qualifications to render an opinion, the information she received from Appellant over the course of several interviews, and the materials she reviewed and tests she administered before reaching her conclusions regarding Appellant's mental health and propensity to reoffend. *See supra* ¶¶ 3-4. Although Appellant offered contrary testimony from his own expert and effectively cross-examined Dr. Gallimore on the details of her methodology and analysis, the superior court nonetheless found Dr. Gallimore's opinions sufficiently reliable and compelling to meet the State's burden of proof. *See Tyree v. Indus. Comm'n*, 159 Ariz. 92, 95 (App. 1988) ("We must presume that the judge considered . . . all relevant evidence of record.") (citing *Perry v. Indus. Comm'n*, 112 Ariz. 397, 398 (1975)). We will not reweigh evidence or second-guess credibility determinations on appeal because "judging the credibility of witnesses and resolving conflicts in testimony are uniquely the province of the trial court." *In re David H.*, 192 Ariz. 459, 461, ¶ 8 (App. 1998); *see also In re General Adjudication of All Rights to Use Water in Gila River Sys. & Source*, 198 Ariz. 330, 340, ¶ 25 (2000) (citing *Pouser v. Pouser* (*Estate of Pouser*), 193 Ariz. 574, 579, ¶ 13 (1999)).

**¶11**        The record contains sufficient evidence upon which the superior court could find, beyond a reasonable doubt, that Appellant's continued placement at ACPTC was warranted. We find no error.

## CONCLUSION

**¶12**        The superior court's order denying Appellant's petition for discharge is affirmed.

