NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

IN RE: MH2020-004756

No. 1 CA-MH 20-0085
FILED 3-23-2021

---

Appeal from the Superior Court in Maricopa County
No. MH2020-004756
The Honorable Christian Bell, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Maricopa County Legal Defender's Office, Phoenix
By Anne H. Phillips
*Counsel for Appellant*

Maricopa County Attorney's Office, Phoenix
By Howard P. Levine
*Counsel for Appellee*

_____

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge David B. Gass and Judge Michael J. Brown joined.

_____

**W E I N Z W E I G**, Judge:

¶1        Patient appeals the superior court's order for involuntary mental health treatment.  We affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        This case involves an order for involuntary mental heath treatment.   On June 15, 2020, Dr. Winona Belmonte, a psychiatrist, petitioned the superior court for permission to conduct an involuntary mental health evaluation of Patient.   Dr. Belmonte asserted "[t]here is reasonable cause to believe" that Patient has a persistent or acute mental disability but refuses a voluntary mental heath evaluation.

¶3        Patient was promptly notified, detained and taken for a mental health evaluation by Dr. Devna Rastogi and Dr. Shabnam Sood, both psychiatrists.  Dr. Rastogi and Dr. Sood concluded that Patient was persistently or acutely disabled from schizophrenia and required treatment, but refused to accept that treatment.  Both doctors also found "a reasonable prospect" that Patient's mental heath disorder was "treatable" by "combined inpatient and outpatient treatment."

¶4        The superior court was petitioned on June 19 for an order requiring treatment under A.R.S. § 36-533(A), alleging that Patient was persistently or acutely disabled and would benefit from a combined inpatient and outpatient treatment.  Dr. Rastogi and Dr. Sood provided affidavits to support the petition.

¶5        On July 2, the court conducted a telephonic evidentiary hearing on the petition.  The parties stipulated to the admission of Dr. Rastogi's and Dr. Sood's affidavits.  The court received testimony from Dr. Rastogi, Patient and Dr. Jack Potts, a psychiatrist who Patient retained to perform an independent medical evaluation.  Dr. Potts concluded that Patient's issues related to autism spectrum disorder, not a psychotic disorder, and treatment likely would prove unhelpful.  Dr. Rastogi reiterated the findings in her affidavit.

¶6        That same day, the court ordered that Patient undergo involuntary treatment, finding (1) "by clear and convincing evidence the Patient is suffering from a mental disorder and, as a result, is persistently or acutely disabled, is in need of treatment and is either unwilling or unable to accept voluntary treatment," and (2) "[P]atient will follow the prescribed outpatient treatment plan, and will not likely become dangerous or suffer more serious physical harm or serious illness or further deterioration if said plan is followed." Patient timely appealed. We have jurisdiction. *See* A.R.S. § 36-546.01.

## DISCUSSION

¶7        "We view the facts in the light most favorable to sustaining the trial court's judgment." *In re MH 2008–001188*, 221 Ariz. 177, 179, ¶ 14 (App. 2009). We "will not reverse an order for involuntary treatment unless it is 'clearly erroneous and unsupported by any credible evidence.'" *In re MH2009–002120*, 225 Ariz. 284, 290, ¶ 17 (App. 2010) (citation omitted). We review de novo, however, the application and interpretation of statutes involving involuntary mental health treatment. *In re MH2010–002637*, 228 Ariz. 74, 78, ¶ 13 (App. 2011). "Because involuntary treatment proceedings may result in a serious deprivation of appellant's liberty interests, statutory requirements must be strictly met." *In re Maricopa Cnty. Super. Ct. No. MH 2001–001139*, 203 Ariz. 351, 353, ¶ 8 (App. 2002).

¶8        To secure an involuntary order of treatment, a petition must show by clear and convincing evidence that a patient suffers from a "persistent or acute disability," which has three elements:

> (a)    If not treated has a substantial probability of causing the person to suffer or continue to suffer severe and abnormal mental, emotional or physical harm that significantly impairs judgment, reason, behavior or capacity to recognize reality.
>
> (b)    Substantially impairs the person's capacity to make an informed decision regarding treatment, and this impairment causes the person to be incapable of understanding and expressing an understanding of the advantages and disadvantages of accepting treatment and understanding and expressing an understanding of the alternatives to the particular treatment offered after the advantages, disadvantages and alternatives are explained to that person.

(c)     Has a reasonable prospect of being treatable by outpatient, inpatient or combined inpatient and outpatient treatment.

A.R.S. § 36-501(32), -540(A).

¶9     Patient argues the superior court received insufficient evidence to prove his condition had "a reasonable prospect of being treatable" under A.R.S. § 36-501(32)(c) because Dr. Rastogi and Dr. Sood offered only general statements about Patient's treatability and there "was persuasive evidence offered by Dr. Potts that [Patient] was not treatable, despite Dr. Rastogi's differing opinion."

¶10     We find no error.  There was ample evidence to support the superior court's finding by clear and convincing evidence that Patient was treatable.  Both Dr. Rastogi and Dr. Sood found "a reasonable prospect" that Patient's mental heath disorder was "treatable" by "combined inpatient and outpatient treatment."  Dr. Rastogi concluded that:

> The patient will improve with treatment of his psychotic symptoms with appropriate antipsychotic medications in an inpatient setting until such time as his judgment and behavior are sufficiently improved to allow for safe treatment on an outpatient basis.

Dr. Sood concluded that:

> The patient requires stabilization in an inpatient setting until he has been stabilized and his judgment improved sufficiently to allow for safe, ongoing treatment as an outpatient.

¶11     Patient counters with the contrary opinion of Dr. Potts.  But that testimony only demonstrated a difference of opinion between him and Dr. Rastogi and Dr. Sood, which the superior court resolved in favor of treatment. *See In re Pima Cnty. Mental Health No. MH–2010–0047*, 228 Ariz. 94, 98, ¶ 17 (App. 2011) ("It was for the trial court," as "the trier of fact, to consider the evidence presented and weigh it based on the court's assessments of credibility and reliability, and to resolve any conflicts that might exist.").  The superior court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and make appropriate findings." *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 4 (App. 2002).  "A finding of fact is not clearly erroneous if substantial

evidence supports it, even if substantial conflicting evidence exists." *Kocher v. Ariz. Dep't of Rev.*, 206 Ariz. 480, 482, ¶ 9 (App. 2003).

**CONCLUSION**

¶12     Finding no error, we affirm Patient's court-ordered treatment.



AMY M. WOOD • Clerk of the Court
FILED:    AA