NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

IN RE: MH2020-007661

No. 1 CA-MH 20-0127

FILED 05-13-2021

---

Appeal from the Superior Court in Maricopa County
No. MH2020-007661
The Honorable Christian Bell, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Angela Lane
*Counsel for Appellee*

Maricopa County Legal Defender's Office, Phoenix
By Anne H. Phillips
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Lawrence F. Winthrop joined.

---

**B A I L E Y**, Judge:

¶1 Appellant challenges the superior court's order that he undergo combined inpatient/outpatient mental health treatment until he is no longer persistently or acutely disabled. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 Appellant voluntarily sought treatment at a private psychiatric hospital because he experienced auditory hallucinations commanding him to kill himself. He was already diagnosed with a serious mental illness and was being treated by an outpatient psychiatric provider. Appellant had a history of past hospitalizations and suicide attempts, as well as a previous court order for mental health treatment and guardianship.

¶3 At the hospital, Appellant was offered treatment for bipolar disorder and was prescribed multiple psychiatric medications. He refused some of these medications because of allergies and adverse side effects that he said could be verified with his outpatient psychiatric provider. Based on Appellant's condition, refusal of medications, and history of hospitalizations and suicide attempts, a registered nurse at the hospital filed applications under A.R.S. §§ 36-520 and -524 to transfer Appellant to an urgent psychiatric care facility for an emergency inpatient evaluation. The applications stated that Appellant "signed in for voluntary treatment in a psychiatric setting," but is "refusing medications and refusing to engage in treatment," is "actively suicidal" and "responding to internal stimuli," and is "at high risk for severe decompensation and a danger to himself if he does not comply with medications and complete treatment." Thereafter, a nurse practitioner at the urgent psychiatric care facility petitioned the court to order an evaluation under A.R.S. § 36-523, stating that Appellant "presented at [urgent psychiatric care] with elevated affect, verbose/pressured speech, and was unwilling to participate in inpatient treatment," and was "asking for discharge."

¶4 After an evaluation by two physicians, a deputy medical director filed a petition seeking court-ordered inpatient/outpatient treatment under A.R.S. § 36-533. The petition and accompanying physician affidavits alleged that Appellant was persistently or acutely disabled and was unwilling or unable to accept psychiatric medication or inpatient treatment voluntarily.

¶5 The evaluating doctors' affidavits both recount Appellant's bipolar diagnosis and designation as seriously mentally ill. Appellant told

both doctors that he went to the hospital only for substance abuse treatment, and he denied suicidal ideation or statements and hallucinations. After determining based on drug test results that Appellant's symptoms were not due to substance abuse, both doctors opined that Appellant was "actively manic" and having an "acute episode of mania." Appellant had poor insight into his mental illness and his need for treatment and did not believe he needed medication or hospitalization. The doctors opined that Appellant's mania, delusions, and paranoia were impairing his ability to express an understanding of the advantages and disadvantages of accepting treatment. The doctors considered that before his admission to the hospital, Appellant was refusing prescribed psychiatric medications, had stopped attending scheduled appointments, and had refused voluntary treatment. Because Appellant was unable to maintain voluntary outpatient treatment, both doctors concluded that he required medication and further inpatient treatment.

¶6 At the § 36-539 hearing, the parties stipulated to the doctors' affidavits, a 72-hour medication affidavit, a letter of intent to treat, and an outpatient treatment plan. Two nurses testified that they cared for Appellant at the hospital and were acquainted with him. Among other things, both nurses observed Appellant arguing with and screaming at hospital staff about his treatment.

¶7 Appellant testified that he willingly sought inpatient substance abuse treatment but admitted that he had not used drugs for several months before his admission. While hospitalized, he accepted some of the prescribed psychiatric medication but refused to take the medications he believed caused allergic reactions and side effects. And he faulted his medical providers at the hospital for not consulting with his outpatient psychiatric team about his medication history. Appellant maintained he was not refusing treatment, asserting he had voluntarily admitted himself to the hospital "to get treatment for all [his] issues." He testified he had taken some of the prescribed psychiatric medications and insisted that he would continue his unsupervised outpatient treatment. Appellant argued that he was willing to accept some treatment but did not want "treatment that can harm him."

¶8 After considering the evidence and arguments, the superior court found by clear and convincing evidence that Appellant "is suffering from a mental disorder" and "[a]s a result, [Appellant] is persistently or acutely disabled and still in need of psychiatric treatment." *See* A.R.S. § 36-540(A). The court found that Appellant required a period of inpatient treatment and has been "either unwilling or unable to accept voluntary

treatment," § 36-540(A), and that "there are no appropriate and available alternatives" to involuntary treatment, *see* § 36-540(B). Thus, the court ordered Appellant undergo combined inpatient/outpatient treatment for a period not to exceed one year, with inpatient treatment not to exceed 180 days. *See* § 36-540(C), (D), (F)(3).

**¶9**  We have jurisdiction over Appellant's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), -2101(A)(10)(a), and 36-546.01.

## DISCUSSION

**¶10**  Appellant argues the superior court's determination under § 36-540(A) that he was "unwilling or unable to accept voluntary treatment" is clearly erroneous because he "acknowledged his need for psychiatric treatment," voluntarily went to the hospital and took some of the prescribed psychiatric medication, and was willing to continue outpatient treatment. Appellant also contends that for the same reasons, the court erred by finding he was persistently or acutely disabled. Finally, without argument or citation to authority, Appellant asserts that "[t]here is no provision in the statutes that require a patient to accept a specific type of treatment, only that the court find that a patient is unwilling and unable to accept 'treatment.'"

**¶11**  Although we review statutory interpretation de novo, *In re MH2010-002348,* 228 Ariz. 441, 444, ¶ 7 (App. 2011), "[w]e view the facts in the light most favorable to sustaining the trial court's judgment and will not set aside the related findings unless they are clearly erroneous," *In re MH 2008-001188*, 221 Ariz. 177, 179, ¶ 14 (App. 2009); *accord Kocher v. Ariz. Dep't of Revenue*, 206 Ariz. 480, 482, ¶ 9 (App. 2003) (explaining even if there is conflicting evidence, a factual finding is not clearly erroneous if substantial evidence supports it). Because it is the superior court's responsibility, we will not resolve conflicts in evidence, assess credibility, or weigh evidence on appeal. *See In re Pima Cnty. Mental Health No. MH–2010–0047*, 228 Ariz. 94, 98, ¶ 17 (App. 2011).

**¶12**  As relevant here, before ordering involuntary treatment, the superior court must find clear and convincing evidence that a patient "has a persistent or acute disability . . . and is in need of treatment, and is either unwilling or unable to accept voluntary treatment." A.R.S. § 36-540(A). There was ample evidence for the court's findings here that Appellant had a persistent or acute disability, *see* § 36-501(32) (defining persistent or acute disability), and was unwilling or unable to accept necessary treatment, *see*

§ 36-540(A). The evaluating doctors both opined that Appellant required inpatient treatment because he was not sufficiently stable to be treated on an outpatient basis. Appellant does not dispute the medical consensus about his need for inpatient treatment or that he refused his doctors' offers of inpatient treatment. Thus, substantial evidence supports the court's finding that Appellant was unwilling to accept voluntary inpatient treatment within the meaning of § 36-540(A). *See In re MH 2007-001236*, 220 Ariz. 160, 165, ¶ 15 (App. 2008).

**¶13**     Although Appellant argues he was willing to engage in unsupervised outpatient treatment, his evaluating doctors opined that he required inpatient treatment and there were no appropriate alternatives. *See* A.R.S. § 36-501(32)(b) (referencing "the alternatives to the particular treatment offered"); A.R.S. § 36-540(B) ("The court shall consider all available [treatment] and appropriate alternatives . . . ."); A.R.S. § 36-501(21) (requiring selection of the least restrictive treatment alternative that is "consistent with providing needed treatment"); A.R.S. § 36-533(A) (requiring the petition to allege treatment alternatives and "[t]hat a patient is unwilling or incapable of accepting voluntary treatment"); A.R.S. § 36-533(B) (requiring evaluating doctors to summarize "the facts that support the allegations of the petition"). Because Appellant rejected the inpatient treatment his evaluating doctors offered him, and there were no appropriate alternatives, the court did not err under § 36-540(A) in finding he was unwilling to accept voluntary treatment.

**¶14**     Finally, we disagree with Appellant that because he was willing to accept voluntary outpatient treatment, he was not persistently or acutely disabled for purposes of § 36-540(A). The determination of whether a person has a "[p]ersistent or acute disability," defined by the criteria in § 36-501(32), is independent of the determination whether a person is unwilling/unable to accept voluntary treatment. *See* § 36-540(A) (stating that if the court finds the person "has a persistent or acute disability . . . and is either unwilling or unable to accept voluntary treatment"). This is consistent with § 36-533, which similarly treats the requirement of persistent or acute disability as distinct from the requirement that a person is unwilling/unable to accept treatment voluntarily. *Compare* § 36-533(A)(1) (requiring petition to allege patient has a persistent or acute disability), *with* -533(A)(3) (requiring petition to allege the patient is unwilling to accept treatment voluntarily).

**¶15**     In sum, substantial and uncontroverted record evidence supports the court's determination that Appellant was persistently or acutely disabled.

**CONCLUSION**

**¶16**        Because the superior court's order is supported by substantial evidence, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:          HB